No. 86.—HARVEY W. SHAW, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF MACON, defendants in error.

[1.] The Mayor and Council of Macon have discretionary power, within the restrictions of the Act of incorporation, to remove the marshal from office. The causes for which he may be removed, are specified in the Act, and the power of removal cannot be exercised but for the specified causes.

[2.] They cannot escape the consequences of removing the marshal, by assuming to act in a judicial capacity in investigating the causes of removal.

[3.] The persons composing the Mayor and Council of Macon, who removed the marshal from office, not being sued individually for a *tortious* or wrongful act, arising from error of judgment as judicial officers, the question of their personal liability for such act, cannot arise in this case.

[4.] The defendants are sued on the original contract with the marshal, for the whole of his year's salary and perquisites; and whether the defendants were justified in removing him, is a matter of defence.

[5.] The marshal cannot recover of defendants money expended by him in defending himself against the charges preferred against him.

[6.] His damages are such, if he is entitled to recover, as necessarily resulted from his *amotion* from office.

Action, in Bibb Superior Court. Tried before Judge POWERS.

The decision of the Court gives a sufficient statement of the facts.

LANIER & ANDERSON, for plaintiff in error.

POE, for defendants in error.

*By the Court.*—MCDONALD, J. delivering the opinion.

The plaintiff instituted his suit in the Court below, for the purpose of recovering from the defendants the amount of salary that would have accrued to him as marshal of the City of Macon, for the time intervening his removal and the expiration of the term for which he was elected; and also, the perquisites of his office of marshal during the same time; and

for recovering, also, the expenses of defending himself against the charges for which he was removed from office.

[1.] It is unnecessary to consider the point made in the argument, whether the defendants can be held liable, as judicial officers, for errors of judgment. The marshal is elected by the people, but he is under the exclusive control of the mayor and council, and may be dismissed from office, at any time, for malpractice in office or neglect of duty, by a vote of a majority of the members present. (*Acts of* 1852, *p.* 389.) The mayor and council have discretionary power to remove him within the restrictions of the Act. They cannot remove him but for the specified causes.

[2.] And in investigating these causes, they cannot organize themselves into a Court, and by assuming to act in a judicial capacity, escape the consequences of the *amotion* of their officer, without sufficient legal cause. Again—they are not sued as individuals; the suit is against the corporation.

The Court below, however, held that the defendants, in amoving plaintiff from office, acted as a judicial body, and are not responsible for their errors of judgment while sitting and acting as a Court.

[3.] As remarked, it is unnecessary to discuss the proposition, whether the persons constituting the Mayor and Council of the City of Macon, are amenable as individuals for errors committed by them as judicial officers. That is not the complaint in this case. The suit is against the corporate body. The names of the individuals who formed the corporate body which amoved the defendant, are not mentioned, either in the declaration or process.

[4.] The action is not for damages for a wrongful or *tortious* act, but is on the original contract, and is the ordinary case of a party's suing and claiming the full benefit of a contract which he has not performed, but the performance of which was prevented by the act of the other party. The defendant may, as in all such cases, plead to the action and justify the dismissal of the plaintiff, if the facts warrant the defence. The defendants, however, cannot be allowed the

same latitude of defence as natural persons.    They are a body corporate, and have no powers except such as the incorporating Act confers, and such as are incident to the same kind of corporate body.    The corporation has no incidental power of removing an officer, deriving and holding his appointment as plaintiff did.    Its whole power, in this case, is derived from the charter; and by the charter it could not remove him, except for malpractice in office or neglect of duty.    The record, embracing a former report of a case between the same parties, shows that specific charges were made against the plaintiff, which, it was alleged, amounted to malpractice in office and neglect of duty; and on these charges he was removed.    This Court held that the said charges did not amount to malpractice in office or neglect of duty by the marshal; and, of course, the removal thereon was illegal. We think the Court erred in awarding a non-suit; and on that ground, the judgment must be reversed.

[5.] The plaintiff cannot recover of defendants, money expended in Counsel fees, in defending him against the charges preferred against him.    (5 *Wendell's Rep.* 533.)

[6.] His damages are such as necessarily resulted from his amotion from office, viz : his salary and perquisites, should the Jury, under the law as it may be given them in charge by the Court, believe that he is entitled to the full benefit of his contract, leaving open to the defendants, however, all the defences they may legally have under their restricted discretionary power under the charter.