———o———

STATE OF MISSOURI, *ex rel.* JAMES H. VAIL, Relator, *vs.* GEORGE B. CLARK, STATE AUDITOR, Respondent.

1. *Statute, construction of—Quo Warranto—Attorney General, information by —Act of Feb. 21, 1873.*—The act of Feb. 21, 1873, prohibiting the drawing or paying of a warrant for the salary attached to a State office, when said office is contested or disputed by two or more persons claiming title thereto, or by information in the nature of *quo warranto,* does not apply to an information filed by the attorney general *ex-officio.*

2. *Officers, State—Commission—Salary—Liability—Ouster.*—He, who has the commission, is entitled to the emoluments of the office, until the State by proper proceedings revokes his authority; and the party properly entitled to the office has no recourse against the State for payments so made, but his recourse is against the person who so received the emoluments.

*Application for Mandamus.*

*Ira E. Leonard and George D. Reynolds,* for Relator.

The commission from the governor, invested the relator with the title, and so far as this inquiry is concerned, is not only *prima facie,* but conclusive evidence of his right to the office and its emoluments. (The State, *ex rel.* Jackson vs. Auditor, 34 Mo., 375; Winston vs. Auditor, 35 Mo., 146; The State, *ex rel.* Jackson vs. Auditor, 36 Mo., 70; Beck vs. Jackson, 43 Mo., 117; State *ex rel.* Vail vs. Draper 48 Mo., 213.)

The proceeding, if successful, would simply result in ousting the Relator, and leave the office vacant, to be filled according to law. (Hunter vs. Chandler, 45 Mo., 452.)

This law was intended to apply solely to that class of cases, where two or more private persons contested the office, and

not to this extraordinary official proceeding in the nature of a *quo warranto.*

*H. Clay Ewing with Hill and Bowman*, for Respondent.

A judge *de facto* is not entitled as between himself and the State, to draw his salary.

The law in question says : " Until the right to the same shall be legally determined between the persons or parties claiming such right."

The State is a party within the meaning of this act.

The controversy as to the judgeship in the 26th Circuit was the very cause of the passage of this law.

If it shall be finally decided, that the relator is not and never was the legally elected and qualified judge of the 26th Circuit, the person who is held to be the judge *de jure* would have the right to demand his salary from the auditor.

EWING, Judge, delivered the opinion of the court.

The relator, James H. Vail, presented his petition to this court for a writ of mandamus to the State Auditor, in which he alleges, that he was duly commissioned judge of the 26th judical circuit of this State, on the 20th day of April, 1869, by virtue of which he has discharged and still discharges the duties of said office ; and that on the 1st day of April, 1873, he presented to the auditor his account for salary as such judge for the quarter ending March 31st, 1873, and demanded a warrant therefor upon the treasurer, which the auditor refused to issue.

Upon this petition an alternative writ of mandamus was issued to the auditor. The auditor, in his return to this writ, alleges, as a justification of his refusal to issue a warrant to the relator, that he is prohibited from so doing by an act of the General Assembly approved Feb. 21,1873,and that on said 1st day of April, 1873, and prior thereto, and at this time, the right to the office of judge of the 26th judical circuit was and is disputed, and that a proceeding was then and is still pending in the court upon a writ of *quo warranto* for the purpose of determining that question, of which the relator

was duly notified. The return further showed, that when said account was presented to the auditor, and at the date of the return, there was a contest for said office of judge pending between the relator and Lewis F. Dinning.

The answer to the return admits the pendency in this court of an information by the State, at the relation of the attorney general, against the relator, but denies that there is any con- test between the relator and Dinning for said office.

It is further alleged in the answer that the act of the Gen- eral Assembly of February 21, 1873, referred to in the return, does not apply to an information officially exhibited by the attorney general at his own relation, nor does it apply to the office, pay or emoluments of a judical officer, and that the act is unconstitutional and void.

It is agreed between the parties that the only contest or dispute pending in any court between the relator or any one else for the office of judge of the 26th judicial circuit is the one now pending in this court at Jefferson City at the relation of the attorney general.

The question for our determination involves the construc- tion of the act of the General Assembly relied on by the re- spondent in his return to the writ. This act, which purports by its title to amend chapter 10 of the General Statutes, being chapter 137 of Wagner's Statutes, by adding two sections thereto, provides that whenever any office, elective or appoin- tive, the emoluments of which are required to be paid out of the State treasury, shall be contested or disputed by two or more persons claiming the right thereto, or by information in the nature of *quo warranto*, then no warrant shall be drawn by the auditor or paid by the treasurer for the salary by law attached to said office, until the right to the same shall be legally determined between the persons or parties claiming such right; provided, however, that in all cases when the persons, to whom the commission for such office shall have is- sued, shall deliver to the party contesting his right to such office a good and sufficient bond in double the amount of the salary of such office, conditioned that, if upon the final de-

termination of the rights of the contestants it shall be decided that the obligor is not, and the obligee therein is entitled to the office in controversy, he shall pay over to the obligee the amount of salary therefor drawn by him as such officer, together with ten per centum interest thereon from the date of the receipt of each instalment received by him, then, and in this case, notwithstanding the provisions of such law, the warrant may be drawn by the auditor and paid by the treasurer to the person holding the commission aforesaid, for the amount of his salary as the same shall become due. It is further provided, that it shall be the duty of any person contesting the election of any such officer to give notice of such contest to the State Auditor,and no such contest shall be heard or determined, until he shall satisfy the tribunal trying such contest that the notice has been given.

It being admitted that there is no contest pending between the relator and any other person claiming the office he now holds, does the act apply to the proceedings instituted by the attorney general *ex-officio?*

It is made the duty of the auditor, when the office is contested by two or more persons claiming a right thereto, to withhold a warrant, unless the contestee shall give a bond to the contestor, conditioned that if, upon a final determinaton of the rights of the contestants, the obligor is found not entitled to the office, he shall pay over to the obligee the amount of the salary, &c.

This act obviously has no application to proceedings instituted by the State against persons for an alleged usurpation of a public office, such as is now pending in this court against the relator. There is no contest between two or more persons for the office. No one is claiming the right to the office against the relator in the sense of the act. There is no contestor to whom a bond is to be executed, or who has any rights that can be affected by the results of the proceedings, or who would be entitled to receive the salary previously paid to the relator in the event of his being ousted from the office. The attorney general certainly stands in no such relation to

the proceeding as to make these provisions applicable to him, or to the State, when he acts merely as a representative of the State in filing the information.

Information of this nature is filed by the attorney general, as a matter of course, and without leave of the court. It is a proceeding of a criminal nature as for a misdemeanor in the usurpation of a public office, in which he represents the State alone. There could be no inquiry into or adjudication of the claims of persons contesting the right to the office. This can only be made upon an information filed at the relation of a party claiming the office, and on leave specially granted for that purpose. It is insisted, however, that the clause of the act which says, " when any office is contested by two or more persons claiming the right thereto, or by information in the nature of a *quo warranto*" is comprehensive enough to include information filed by the attorney general *ex-officio*, and particular stress is placed on the last part of this clause. This interpretation implies or assumes that the act makes no distinction between informations of this nature with reference to their objects or purposes, that, whether it is a civil or criminal proceeding, whether it is instituted at the relation of the attorney general on behalf of the State or at the relation of an individual, it includes equally a contest between persons claiming the right to the office. It is also insisted that, as the primary object of the act was to protect the treasury against what is claimed to be unjust and illegal demands, it therefore applies to a contest by the State, as well as to a contest by an individual. This view results from the erroneous assumption, that the State would incur a double liability if the proceeding now pending against the relator should result in ousting him from the office, and that he is not entitled to the salary received in the meantime. The commission issued to the relator invested him with the title, and is *prima facie* evidence of his right to the office. It gave him the possession and the power to exercise its functions, of which he could be deprived only on due process, in the manner prescribed by law. State *ex rel.* Vail *vs.* Draper, 48 Mo., 213. He alone is entitled

to the emoluments of the office, until the State, by a proper-proceeding, has revoked the authority with which it has invested him. Meanwhile the auditor cannot rightfully withhold the salary. There could therefore be no legal claim against the State for the salary so paid on the part of one who might hereafter establish a better right to the office. His recourse, if he has any, would in such case be against the relator, not the State. (The Auditor of Wayne Co. *vs.* Benoist and the authorities there cited, 20 Michigan 176; Hunter *vs.* Chandler, 45 Mo., 452.)

Permptory writ ordered. The other judges concur, except Judge Sherwood who is absent.