Morgan, J.
Martin Finnerty was appointed by the proper city authorities wharfinger for the second district of the city of New Orleans. He was entitled to a salary fixed by law. He was by ordinance of the city government ex officio collector of levee dues, and solely responsible for the collection and payment of the same to the Administrator of Finance. He gave bond for the faithful performance of his duties. The city sues him for a balance of collections, made under the authority of his office, amounting to $2721 82. His sureties are made parties to the suit. Judgment for the same amount is asked against them in solido.
Finnerty claims that the city owes him $3289 29, on account of his services, expenses of his office, and the payment of employes. And this is his defense. It is admitted that he is a creditor of the city in the sum due by him.
The.questions for us to determine are whether Finnerty, a salaried officer of the city, when, acting in the direct line of the duties assigned to his office, collects funds due to the department of the city government to which he belongs, can pay himself the salary attached to the office, other employes of the office, and the expenses thereof, and deposit whatever may remain in his hands in the treasury 1
When sued for the amounts collected by him in his official capacity and in the proper performance of the duties of his office, can he plead in compensation the salary due to him, the money he has paid to employes in his office, the expenses of the office; it being admitted that *682 the salary, the money paid to the employes and the expenses were due when paid, even when they are established by judgment of a court of competent jurisdiction1?
We think the questions must be answered in the negative. He accepted the office of wharfinger with all of the advantages, duties and obligations thereof, liis advantage was the salary attached thereto. His duties were to collect the moneys due to the city in the department in which he held office; his obligation was to deposit the money so collected in the city treasury. His salary was to be paid as the salaries of other officers of the city were paid, to wit, out of the common treasury. There is no place for the plea of compensation in a case of this kind. Compensation takes place of right between individuals when the debts due by the respective parties are equally due and demandable, and where the character of the debt is the same. It can not be opposed by a fiduciary acting in the line of his duty. There is no such thing as compensating a debt due by an agent for moneys collected by him in the performance of his duties by a debt due by the principal to the agent. No officer of a government, State or municipal, is empowered to pay himself his salary or plead in compensation a demand made against him for moneys collected by him in his official capacity, by an amount due him on account of his salary. His duty is to discharge the obligations of his office according to the terms of his acceptance thereof, and to get his pay as other officers get theirs. In other words, he can not pay himself.
We are informed that the Administrator of Commerce authorized Finnerty to retain a sufficient sum out of the moneys collected by him to pay his salary, and also other employes in the office, and expenses of the office. The answer, we think, to this is that the Administrator of Commerce had no power to grant him such authority.
We are next assured that the same tiling has been done in other instances. The reply is that custom can not supersede the law in such cases, and that if it is a custom it is a most vicious one, entirely unjustifiable, and which results in the payment in full of certain favorites, while others, perhaps equally diserving, get only a portion of their earnings. No such result was ever contemplated by the framers of the city charter. All officers of a government, municipal as well as general, have their respective duties in their several departments to perform ; all are of the same rank before the treasury, and none can be paid their salaries except in the mode pointed out by law, n.or one in preference to another. Counsel for defendant rely upon the authority of Merlin, verbo Compensation, part 3, No. 3; Toullier, vol. 7, par. 379; Duranton, vol. 12, No. 520; Pothier, No. 589, and articles in the Justinian Code and Institutes to support the proposition that what is *683 due by the fisc to an accounting officer is to be compensated by what the officer owes to the fisc. As for example, if a receiver of taxes has in one year paid a larger sum into the treasury than he was accountable for, and the following year he finds himself debtor to the fisc in a like or greater sum, the sum which is due him on the first year, will be compensated by the sum which he owes; and that compensation may be opposed to the State, that is to say to the publie treasury, provided that the two debts depend upon the same excise of the same office. Also that compensation may be opposed, not only against debts due to individuals, but even against debts due to towns, corporations or communities.
But nowhere do we find any authority which sustains the proposition, that a public officer charged with the performance of a specific duty, for a fixed compensation to be paid in a manner pointed out by law, has any right to plead in compensation a sum which is in his hands simply because he has not done.his duty by depositing it with ■the proper officer as soon as he had received it, against his salary and the salary of other officers in his department, and the expenses of the office. We have been referred, it is true, to the cases of United States v. MacDaniel, 7 Peters, 16; to United States v. Ripley, ib. p. 23; to United States v. Fillebrown, ib. 28; to United States v. Ringgold, 8 Peters, 163.
Macdaniel was a clerk in the navy department, upon an annual ■salary. He also acted as the agent 'for the payment of the money due ■to the navy pensioners, the privateer pensioners, and for the navy disbursements. He received $280 per annum for his services in the payment of pensioners; and for ten or fifteen years he received one per cent, on moneys paid by him . for navy disbursements. He was sued on a balance of account' arising out of these transactions. He pleaded that he was entitled to the percentage charged by him. The court decided that he had performed duties- not properly belonging to his employment; that he had made, and. had been paid, the same charges for ten or fifteen years, without objection ; that the Secretary of the Treasury was authorized to employ him in that particular duty, and that he was entitled to compensation therefor.
In Ripley’s case, he claimed to be allowed in compensation of sums alleged to be due by him, extra services rendered in the disbursement of funds in preparing plans for fortifications, and for procuring and forwarding supplies of provisions, etc., to troops of the United States beyond the limits of his military command, but the court refused to sanction the charge of the district judge that his claim was well founded, and reversed the judgment in his favor.
In Pillebrown’s case the court held that the allowance of compensa *684 tion by a fixed salary to the defendant, did not exclude his right to claim extra compensation for the disbursement of moneys belonging to the navy hospital fund.
The propriety of these decisions we do not question. We think, however, that they do not touch the defendant’s case.
Neither do we dispute the doctrine as stated in Ringgold’s case that when an action is brought by the United States to recover money in the hands of a party who has a legal claim against them, it would be a very rigid principle to deny to him the right of setting up such claim in a court of justice, and to turn him round to an application to Congress.
But we return to our original proposition, and repeating what we have already said, are of the opinion that no salaried officer of the city government, whose salary is to be paid in the manner pointed out by law can, while acting in the strict line of his duty, collect money belonging to the city and, when sued therefor, plead in compensation the salary which may be due him, and amounts paid by him to other creditors of the city.
Judgment affirmed.