THE PEOPLE OF THE STATE OF NEW YORK, Appellants, *v.* JOHN FLANAGAN, Respondent.

Under the provisions of the act of 1873 (chap. 613, Laws of 1873) providing for the annexation of certain towns in Westchester county to the city and county of New York, which, by its terms (§ 18), was to take effect January 1, 1874, except as to parts "otherwise provided for," and which act declares (§ 5), that said towns shall constitute the tenth judicial district, a justice of which shall be elected "at the next general election," the election intended was the next after the passage of the act, *i. e.*, that of November, 1873.

The provisions of said act (§§ 1, 2) directing such annexation are within the exception, and such annexation took place at the passage of the act.

It was also the legislative intent (§ 2) that the election of 1873 should be conducted in accordance with the election laws then operative in the county of Westchester, not in conformity to the law applicable only to the city of New York.

Accordingly, *held*, that a justice elected for said district at the general election in 1873, under the laws operative in said county of Westchester, and without regard to the registry acts applicable to the city, was regularly elected and entitled to the office.

Also *held*, that the act of 1874 (chap. 329, Laws of 1874) re-enacting and amending said act of 1873, was intended, and operated, as a confirmation of such election, even if conducted irregularly.

Where the people, through their constitutional agents, ratify and recognize the title of a citizen to an office, it is not competent for them to question it by *quo warranto*.

The legislature has full power thus to ratify.

*People ex rel.* v. *Bull* (46 N. Y., 57) distinguished.

(Argued April 26, 1876; decided May 23, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of defendant, entered upon a verdict. (Reported below, 5 Hun, 187.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Geo. H. Forster* for the appellants. If the act of annexation did not go into operation until January 1, 1874, the election of defendant in November, 1873, was illegal and void. (N. Y. Const., art. 2, § 1.; id., art. 6, § 18.) The act of annexation took effect at the date of its passage as to the annexation of the territory and the right of the New York city and county authorities to conduct an election therein. (Laws 1873, chap. 613, § 1, p. 928; *Barton* v. *Himrod*, 8 N. Y., 438, 488; *Bradley* v. *Baxter*, 8 How. Pr., 18.) The election of defendant being held by persons who were neither *de jure* nor *de facto* officers of New York city and county, was illegal and void. (*King* v. *Corpn.*, 6 East, 356; *Wilcox* v. *Smith*, 5 Wend., 221; *People* v. *Albertson*, 8 How. Pr., 363; *Conover* v. *Devlin*, 15 id., 470; *People* v. *Cook*, 14 Barb., 289; N. Y. Const., art. 6, §§ 18, 19; *McKoan* v. *Devries*, 3 Barb., 196; Story on Const. [4th ed.], 333, § 451; *People* v. *Lawrence*, 34 Barb., 179, 186; *People* v. *Bull*, 46 N. Y., 57, 60.) The provisions of section 5 of the act of 1873, if it was

intended to allow a district judge to be voted for November 4, 1873, subject to the popular vote on the annexation question under section 17, were unconstitutional and void. (*Barton* v. *Himrod,* 8 N. Y., 483, 488; *Wynebamer* v. *People,* 13 id., 429; *People* v. *Draper,* 15 id., 558; *Rumsey* v. *People,* 19 id., 46; *Town of Duanesburgh* v. *Jenkins,* 57 id., 187.)

*Abel Crook* for the respondent. The election of defendant was properly held at the next general election after the passage of the act of 1873. (*People* v. *Cowles,* 13 N. Y., 350; Sedgw. Stat. and Const. Law, 229; *People* v. *Utica Ins. Co.,* 15 J. R., 358, 380; *Jackson* v. *Collins,* 3 Cow., 89; *Tonnele* v. *Hall,* 4 Comst., 140.) The provisions of the annexation act of 1873, as to the manner of the election, are directory and not mandatory. (*Foot* v. *Prosse,* Stra., 625; *Rex* v. *Inhab. of B.,* 8 B. & C., 99; *Cole* v. *Green,* 6 M. & G., 872; *Pond* v. *Negus,* 3 Mass., 230; *Williams* v. *School Dist.,* 21 Pick., 75; *City of Lowell* v. *Hadley,* 8 Metc., 180; *People* v. *Allen,* 6 Wend., 487; *Jackson* v. *Young,* 5 Cow., 69; *People* v. *Runkle,* 9 J. R., 147; *People* v. *Peck,* 11 Wend., 604; *Marchant* v. *Langworthy,* 6 Hill, 646; *Gale* v. *Mead,* 2 Den., 160; *Thomas* v. *Clapp,* 20 Barb., 165; *People* v. *Holley,* 12 Wend., 481; *In re M. and H. R. R. Co.,* 19 id., 143; *Stryker* v. *Kelly,* 7 Hill, 9; *People* v. *Suprs. Chenango,* 4 Seld., 317; *People* v. *Cook,* 8 N. Y., 88; *Stevenson* v. *Mayor, etc.,* 3 T. & C., 133.)

Church, Ch. J. This is an action in the nature of a *quo warranto,* to test the title of the defendant to the office of justice of the Tenth District Court in the city of New York, which district is composed of the three towns set off from Westchester county, and annexed to the city of New York by the act chapter 613 of the Laws of 1873. By the fifth section of the act, it was declared that the said territory should constitute the tenth judicial district of the city of New York, and that, "at the next general election," there should be

elected a justice of said district. The act was passed May 23, 1873. By the eighteenth section it is declared that the act should take effect on the 1st day of January, 1874, " except as to such parts as are otherwise provided for, and, as to such parts, it shall take effect at the time or times in this act specified."

The defendant claims title by virtue of an election in 1873, at which, it seems, the respective parties put up and voted for candidates for this office. There is no question but that the election was fairly conducted, nor that the defendant received a clear majority of the votes cast, and we may presume that he entered upon the discharge of his duties on the 1st day of January, 1874, and has continued to discharge them since that time, and there is no other claimant for the office. Under these circumstances, and being a question between the defendant and the people, and dependent upon the construction to be given to acts of the legislature, it seems reasonable that the defendant, whose good faith is not questioned, should have the benefit of the most favorable construction. Two grounds are insisted upon by the appellants : first, that the election was premature, and could not have taken place until the general election in 1874; and, second, that the election was void, because not conducted according to the laws applicable to the city of New York, in respect to registry, etc.

It cannot be denied that, by the terms of the act of 1873, the first question is not free from difficulty. The general rule is, that acts of the legislature speak from the time they take effect, unless a different intention is manifested. It is conceded, and claimed in the brief submitted by the learned counsel for the appellants, that annexation of the territory to the city took place at the passage of the act, and that sections 1 and 2 are within the exception contained in section 18, above cited, This is an important point, because if this was not so, the election of a district justice, which can only take place, by the Constitution, *in cities*, would be clearly void. We must, therefore, assume that, for this purpose, at least, the territory was a part of the city at the time of the election.

It is claimed by the defendant that section 5, authorizing the election of district justice at the *next* general election, is also within the exception, and that the word "next" means next after the passage of the act. There are plausible grounds for this construction. That section provides for the appointment of a police justice for the territory on the 15th day of December, 1873, thus showing a design to have the judicial organization, applicable to the city, complete when the act should take effect, which design would be frustrated, in part, by not applying the word "next" to the election of 1873, for a district justice. There are other acts required to be done before the general act took effect on the 1st January, 1874. The act of 1873 is, in some respects, incongruous. By reference to the journals of the legislature, it appears that the act, as first passed by the senate and assembly, was to take effect on the 1st day of July, 1873, but, before it was signed by the governor, it was recalled and a section inserted providing for submitting the question of "annexation" to the people of Westchester and New York, and changing the time of its taking effect to the 1st of January, 1874, with the exception before referred to. The original act clearly required the election of a justice of the District Court at the general election of 1873, and that the person elected should enter upon his duties January 1, 1874. The omission to rectify the technical application of the word "next" was quite natural; but the intention to provide such an officer, capable of performing his duties on the 1st of January, 1874, cannot be claimed to have been changed by the adoption of the amendment providing for a submission. Substantially, by both acts, practical annexation became operative on the 1st January, 1874, subject to the contingency provided by the amendment, of an adverse vote of the people; but there is no indication of an intention to delay a complete judicial organization beyond the 1st day of January, 1874.

If we assume that the election of this officer might take place at the general election in 1873, we think the Supreme Court clearly right in holding that it was not contemplated to

hold the election, according to the registry acts, applicable only to the city of New York, and we concur with the views on this point expressed in the opinion of Davis, J. There is undoubtedly language which, taken literally, is capable of this construction, but the construction is obviated by applying it to elections for such municipal officers as are elective after the annexation becomes fully operative on the 1st day of January, 1874. It would be impracticable to comply with the act upon the construction claimed. The officers of the city had no power to organize this territory under the registry acts, and, if they had, or if the officers of the territory had the power, it would involve the holding of two elections at the same time and place under different laws. An intent to create machinery so cumbrous, unnecessary and inconvenient, if not impracticable, should not be imputed to the legislature, unless required by the clearest expressions. The construction claimed is an argument against the right to elect this officer in 1873, but, when that right is conceded, the construction must be rejected. It seems to me that the case depends upon the first question, whether the election was authorized in 1873, and, upon that question, the act (chap. 329 of the Laws of 1874) has an important bearing in resolving any doubts which may exist under the act of 1873. The act of 1874, re-enacted with some amendments, the annexation act of 1873, probably for the purpose of obviating any question about the possible effect of the submission clause. By the eighteenth section the several acts done and performed under and in pursuance of the act of 1873 were expressly confirmed, and, as to provisions in that act "as to acts to be done, prior to the passage of this act, the said provisions shall be construed as if this act had passed on the 23d day of May, 1873." When this act was passed (May 6, 1874,) the defendant had been elected, as he claimed, under and in pursuance of the act of 1873, and had entered upon the discharge of his duties, all of which must be presumed to have been known to the legislature of 1874, and we must assume that the act of that year was intended to confirm such election, and to recognize, so far as

the legislature could, the defendant as legally entitled to the office. Its legal effect may be regarded as a legislative construction of the act of 1873, both as to the time of holding the first election of district justice, and the inapplicability of the registry acts of the city of New York, and, as a confirmation of the election, even if conducted irregularly.

When the people, through their constitutional agents, thus ratify an election and recognize the title of a citizen to an office, it is not competent for them to question it by *quo warranto*. The legislature had full power to do this. Their action is not within the condemnation of *People* v. *Bull* (46 N. Y., 57). In that case, there was an attempt to extend the time of an officer, elective by the Constitution, and it was held unconstitutional as a legislative appointment for the time for which the term was extended. Here, there is no doubt of the authority of the legislature to authorize an election according to the laws applicable to Westchester county, and an election was actually had, as claimed, in conformity with the act. If so, the defendant is a constitutionally elected officer, and it was competent, in case of doubt, for the legislature, as between the people and the defendant, to construe its own act and to waive any irregularity in holding the election, and thus confirm the title.

The judgment must be affirmed.

All concur; ALLEN, J., on ground that the election was valid under act of 1873.

Judgment affirmed.