WILLIAM H. LEE *vs.* THE MAYOR AND COUNCIL OF WILMING-TON.

WRIT OF ERROR TO THE SUPERIOR COURT OF NEW CASTLE CO.

**Officer. Municipal Corporation. Assumpsit.**—The salary or fees of an officer of a municipal corporation may ordinarily be recovered as other debts by an action at law, but such an action cannot be maintained for salary during time not in possession by one claiming the office while there is a *de facto* incumbent, until the right to the office has been adjudicated in a proper proceeding to try the title.

**Officers, de jure and de facto.**—Whether or not the payment of salary to a *de facto* officer would operate to exonerate a municipal corporation from payment to the officer *de jure*, the latter has no right of action for it while out of possession of his office, until his title is established by a competent tribunal.

**Same.**—All that is required, when there is an office, to make an officer *de facto*, is that the individual claiming the office is in possession of it, performing its duties, and claiming to be such officer under color of an election or appointment.

**Same.**—There cannot be two incumbents of an office, and if a *de jure* officer is ousted and a successor placed in possession, recognized as such officer and performing the duties and drawing the salary without contest or resistance, he is the incumbent *de facto*, and no one else by mere force of law or right can claim to be such.

This was an action on the case brought by the plaintiff against the city of Wilmington to recover the amount of salary alleged to be due to him for services to the city in the capacity of Registrar of Deaths, Births and Marriages and Secretary of the Board of Health. A declaration was filed and a plea of not guilty entered and the case had been brought to issue, when February 6, 1894, a case stated was agreed upon and filed, in and by which the facts were set forth for the opinion of the Court as upon a special verdict. It appeared that the plaintiff was, on the first Thursday in July, 1886, appointed by the Council of Wilmington Secretary of the Board of Health and City Registrar, and as such Registrar of Deaths, Births and Marriages for the term of five years, pursuant to § 108 of the Charter of Wilmington, being Chapter 207, Vol. 17, Laws of Delaware, passed April 13th, 1883, and an ordinance of the city passed June 27th, 1881, he continued to discharge the duties of his office until the 3d day of June, 1891.

The section of the charter referred to was as follows : " The council shall appoint, on the first Thursday of July, A. D. 1886, and on the first Thursday of July in each fifth year thereafter, a City Registrar, who shall be Registrar of Deaths, Births and Marriages and Secretary of the Board of Health. His term of office shall be five years. The present City Registrar shall continue to hold office (and perform the same duties as are now by law prescribed) until the first Thursday of July, A. D. 1886, and until his successor shall be appointed as provided in this section."

By act of May 14th, 1891, the General Assembly amended the charter by striking out all of Sec. 108 and inserting in lieu thereof the following : " The Board of Health, shall on the first Thursday in May, A. D. 1891, and every year thereafter, elect a Secretary, who shall be *ex-officio* City Registrar, and perform all duties now belonging to said office. The present City Registrar shall continue to hold office until the first Thursday in May, A. D. 1891, and until his successor shall be appointed as provided therein."

The first Thursday in May, 1891, was the seventh day of May. On the third day of June, 1891, the Board of Health of said city, pursuant to the act last above mentioned, elected William C. Colquhoun, Secretary of the Board of Health and City Registrar, and as such registrar of deaths, births and marriages, and he believing that his election was valid and being so advised, on June 3d, 1891, took the oath of office and immediately entered upon and discharged the duties of said offices, and hindered and prevented the plaintiffs discharging the duties of said offices, against the protest of the plaintiff, who was not thereafter permitted by the Board of Health to discharge said duties.

The salary of the office of secretary of the Board of Health was three hundred dollars per annum, and the salary of the City Registrar was eight hundred dollars per annum, payable in monthly installments on the first day of every month. The plaintiff received said salaries up to the first day of June, 1891, and William C. R. Colquhoun has received the salaries subsequently to that date.

It was further agreed that if the Court should be of the opinion that the plaintiff upon the above stated facts had, at the time of the commencement of the action, a legal right to maintain his action of assumpsit against the defendant for the amount of the salaries of the offices, in the manner alleged in the declaration from the first day of June, 1891, to the third day of May, 1892, then that judgment should be entered for the plaintiff for the sum of $1,016.30, with interest thereon from the third day of June, 1892.

But if the Court should be of the opinion that the plaintiff upon the facts had not at the time of the commencement of the action a legal right to maintain his action of assumpsit against the defendant for the amount of the salaries of said offices, then that judgment should be entered for the defendant. It was also agreed that the costs should follow the judgment and either party should have the right to sue out a writ of error thereon.

MARVEL, J., delivered the opinion of the Court below.

From this case stated it appears that the only question submitted for the decision of the Court is whether the plaintiff upon the above stated facts had, at the time of the commencement of the action, a right to maintain this action of assumpsit against the defendant.

The first objection urged by the counsel for the defendant is, that the plaintiff cannot in this action try the question of his right to the offices, that being a collateral proceeding.

Judge Dillon, in his work on Municipal Corporation, third edition, § 831, says: "The salary or fees of an officer of a municipal or public corporation may, like other debts be recovered by an action at law against the corporation. This, ordinarily, is the remedy and not mandamus; but if the officer cannot sue the corporation, he may, where entitled, compel payment by means of his writ, unless another is in possession under color of right, in which case the title to the office cannot ordinarily be determined on mandamus or in a collateral proceeding."

*Selby vs. City of Portland*, 14 Ore. 243, was an action to recover the amount of salary alleged to be due the plaintiff as chief of police, and for the salaries of some five other policemen which had been assigned to him. The officers had been regularly appointed and served for a time. While they were so serving, the Mayor of the City displaced them and appointed others in their places, and the action was brought to recover their respective salaries after being so displaced and until the time of the commencement of the action.

*Thayer*, J. said: " It looks very much to me as though the public confidence was abused in the transaction and that the appellant and his assignors were shamefully trifled with; but it occurs to my mind that they neglected to take proper steps in the matter, and have lost the remedy they could have invoked successfully. They might have commenced an action in the nature of a *quo warranto* against the persons designated to succeed them, and been re-instated in their position * * * * * * To allow an officer in such a case to remain wholly passive for a term of years and then bring

an action and recover the amount of his salary, which had been all the time accumulating, without attempting to dispossess the incumbent, would result in a pernicious practice and tend to overturn a well-established rule of law regarding the trial of the right to an office. No precedent for such a course has been furnished."

After reviewing many cases, including the most of those cited upon this point in the argument of the case at bar, he said further: " None of the cases referred to indicate that an action to recover the salary of an office could be maintained while it is occupied by a *de facto* officer, until the right to the office has been determined by proper adjudication. Such a determination could not properly be had in this case, as it would determine the rights of parties not before the Court. It would be a determination that the incumbent who succeeded the appellant and his assignors were intruders and usurpers when they were not before the Court. Upon this ground the appellant was not entitled to recover, and the Circuit Court should have dismissed the complaint instead of trying the case upon the merits."

It is not necessary to cite more of the cases upon this point, as they are all referred to and considered by Judge Dillon and in the above case of *Selby vs. City of Portland.*

There is another very large class of cases upon the question whether the payment of a salary, or fees, or emoluments of an office to a *de facto* incumbent would exonerate the government or political body from the payment thereof to the *de jure* officer.

Whichever side of the question any of these cases may take, none sanction the right of the *de jure* officer to recover the salary while out of possession of the office until he obtains a determination of a competent tribunal in favor of his title in a direct proceeding instituted for that purpose.

After a patient examination of the books, the only case we have been able to find where it might be possible to consider that a court had thought differently is *Stadler vs. City of Detroit*, 13 Mich. 346. But we find that this case has been reviewed, and, so far as it may be considered as supporting the claim of the plaintiff

in this action, was disposed of by the case of *The Auditors of Wayne County vs. Benoitt*, 20 Mich. 176, which decided that no claim can be enforced against a county for the salary or perquisites of a county office except for a period during which the claimant was the actual incumbent.

It is true that to successfully maintain the action upon the declaration at the time of the bringing of the suit, upon the facts admitted, would necessarily require a determination of the question of the right of William H. Lee to the possession of the office of Registrar of Deaths, Births and Marriages and Secretary of the Board of Health from June 3d, 1891, until the first Thursday in May, 1892.

Now if the plaintiff has the right to go to trial upon the declaration filed in this action, the principal question contested at that trial, judging from the argument of the learned counsel, would be the right of William H. Lee to the office. " If this principle is valid, it will apply as well to officers elected by the people as to those appointed or removed by state or municipal authority, and wherever there is a contest touching the result of a popular election or the validity of an appointment to, or a removal from office, the question is to be settled by an action for the salary. The incumbent of the office would be entitled as against the corporation to recover his salary. The claimant may, as in this case, acquiesce in his removal from office, and at the expiration of two or five years establish his title and recover his pay, though his office may have been filled and the salary received by another. He may thus recover compensation not only for services never rendered, but may compel the corporation to pay twice for the same service. It would supply an ingenious device by which both candidates, if they could not enjoy the honor, might at least reap the emoluments of the office," *City of Hoboken vs. Gear*, 27 N. J. L. 280.

That there was no *de facto* officer is urged upon the authority of *Norton vs. Shelby County*, 118 U. S. 425.

But that case decided that where there was no such office as the one in controversy there could be no *de facto* officer, because

the existence of an office was necessary to make an officer either *de facto* or *de jure*. Here there was an office—if that office were not vacant there was nevertheless an office—as Justice Field said in the case just cited.

It is, however, contended by the counsel for the plaintiff that the objection now being considered does not apply, upon the ground that there is no question of title involved in this case; for while the plaintiff was not in actual possession he was in legal possession until the first Thursday in May, 1892, by virtue of the statute. This position cannot be tenable either in the light of authority or upon principle; for it is perfectly plain and in accord with the decisions, that there can never be two incumbents at once. William C. R. Colquhoun was the occupant during the period of time for which the salary is attempted to be recovered; William H. Lee could not also be in. If one is in the other claimant is out, and the law has never tolerated any other theory. No law is better established than that all that is required, when there is an office, to make an officer *de facto*, is that the individual claiming the office is in possession of it, performing its duties and claiming to be such officer under color of an election or appointment, as the case may be. It is not necessary that his election or appointment should be valid, for that would make him an officer *de jure; Carleton vs. The People,* 10 Mich. 250; *Norton vs. Shelby County,* 118 U. S. 425. Here there was an office, or offices, the old occupant of them, William H. Lee, the plaintiff, was put out of them—granted for the sake of argument that he was illegally ejected—yet the fact remains the same, he was ousted and a successor, William C. R. Colquhoun, placed in possession and so remained for about one year, recognized as such officer and performing the duties of the office and drawing the salary without any contest or resistance. He certainly was the incumbent, and, according to *Norton vs. Shelby County,* was the officer *de facto* if he was not the officer *de jure.*

All the authorities sustain this first objection made by the defendant's counsel, and the reasons for the law as laid down seem to a majority of the Court to be founded upon sound principles. If

the plaintiff, William H. Lee, desired to maintain his action of assumpsit against the defendant for the amount of the salary of said office, in the manner alleged in his declaration from the first day of June, 1891, to the third day of May, 1892, he should first have had his right to the office passed upon by a competent tribunal in a proceeding for that purpose. In such a proceeding the plaintiff, Lee, Colquhoun, the officer *de facto*, and the people, would all have been parties and had an opportunity to defend their rights respectively. The statement of facts fails to show that the plaintiff's right to the office has been so passed upon, and a majority of the Court, believing that he has no right to have it passed upon in this proceeding, think he had no legal right to maintain his action at the time of its commencement.

We deem it unnecessary to discuss the other points raised in the argument of the case.

Let judgment be entered for the defendant.

LORE, C. J., concurred; CULLEN, J., dissented, but read no opinion.

Judgment for the defendant was accordingly entered at the February Term, 1894.

A writ of error having been taken to the June Term, 1894, the case was heard before WOLCOTT, Ch., GRUBB and MARVEL, JJ.

The principal errors assigned in the decision of the Court below were: That there was no law sanctioning the right of the *de jure* officer to recover the salary while out of possession of the office until he obtained a determination by a competent tribunal in favor of his title in a direct proceeding instituted for that purpose.

That to successfully maintain the action upon the facts admitted would necessarily require a determination of the question of the right of the plaintiff to the possession of the office from June 3d, 1891, until the first Thursday in May, 1892.

That this case in principle was analogous to cases of officers elected by the people, those appointed by the State, or those appointed by municipal authority.

That the fact that one officer was discharging the duties of the office excluded the idea that the *de jure* officer was still in legal possession of the office, and that there could never be two incumbents to one office at the same time.

That William C. R. Colquhoun was a *de facto* officer during the term for which the plaintiff seeks to recover the salary.

That if the plaintiff desired to maintain his action for the amount of the salary of the office from the first day of June, 1891, to the third day of May, 1892, he should first have had his right to the office passed upon by a competent tribunal in proceedings instituted for that purpose.

That the proceedings should have been such that the right of the plaintiff, the right of William C. R. Colquhoun, and the right of the people should all be determined at one time, and an opportunity should have been given to the people and to William C. R. Colquhoun to defend their rights.

*Peter L. Cooper, Jr.,* for plaintiff. Statutes to remove corporate offices should be strictly construed ; Endlich, Interpretation of Statutes, § 351 ; Sutherland, Stat. Const., § 464 ; *State vs. Hill,* 32 Minn. 275 ; *State vs. Stern,* 13 Neb. 529 ; *Green vs. Anderson,* 39 Miss. 359.

Although there is no vested right in an office which may not be disturbed by legislative enactment, yet to take away the rights thereto, the terms of the statute in which the purpose is stated must be clear ; Sutherland, Stat. Const., § 464 ; Endlich, Interpretation of Statutes, § 275 ; *People vs. Green,* 58 N. Y. 295 ; *Peters vs. Massey,* 33 Gratt (Va.), 368 ; *Johnson vs. Burrell,* 2 Hill 238.

That mandatory statutes exclude any other way of complying with the statute than that named in the statute is illustrated by the numerous cases where statutory rights and remedies are given in

respect to which the statute must be strictly construed; *Wendell vs. Durbin*, 26 Wis. 390; *People vs. Brooklyn*, 22 Barb. 404.

A construction to give a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal, and unavoidable implication from the words of the statute taken by themselves, and in connection with the subject matter, admitting of no reasonable doubt, but precluding all questions as to such intent; Endlich, Interpretation of Statutes, § 271; Sutherland, Stat. Const. §§ 463, 464; *Dewart vs. Purdy*, Pa. St. 113; *Bay vs. Gage*, 36 Barb. 447; *Hendessan vs. State*, 96 Ind. 437; *Warren Man. Co. vs. Etna Fire Ins. Co.*, 2 Paine 516; *Ellis vs. Insurance Co.*, 19 Blatchford 383; *People vs. Columbia Co.*, 43 N. Y. 134; *Garrett vs. Wiggins*, 2 Ill. 335; *Gourd vs. Rawan*, 3 Ill. 449; 21 Pa. St, 243; *Taylor vs. Mitchell*, 57 Pa. St. 209; *Plumb vs. Sawyer*, 21 Conn. 351.

When an officer of a municipal corporation is improperly removed by the City Council he may sue the corporation for his salary and perquisites for the time intervening between his removal and the expiration of his term; and though the salary and emoluments of an office be paid to an officer *de facto*, it in no way debars the right of the officer *de jure* to recover such salary and emoluments from the City Council or other public body charged with the duty of making its payment; Dillon, Municipal Corporations, 235; Beech, Public Corporations, § 198; *Andrews vs. Portland*, 10 Am. St. Rep. 280 (79 Me. 484); *Stradler vs. Detroit*, 13 Mich. 346; *Danoit vs. Wayne County*, 20 Mich. 176 (Cooley dissent.); *People vs. Miller*, 24 Mich. 458; *Shaw vs. The Mayor, etc.*, 19 Ga. 468; *Memphis vs. Woodward*, 12 Heisk (Tenn,) 499; *Savage vs. Packard*, 14 Len. 46; *Dorsey vs. Smith*, 28 Cal. 21; *Carroll vs. Siebentheler*, 37 Cal. 193; *Fitzsimmons vs. Brooklyn*, 102 N. Y. 536; *People vs. Thompson*, 35 Barb. 73; 25 Wend. 680.

If an officer be illegally removed it is no answer to the action that the corporation in making the removal acted judiciously, and is, therefore, not liable for the error committed; *Shaw vs. The*

*Mayor, etc.,* 19 Ga. 468; *Rex vs. The Mayor,* 2 Cowper 523; *People vs. Thompson,* 25 Barb. 73; *Queen vs. Atlanta,* 59 Ga. 318; *Andrews vs. City of Portland,* 79 Me. 481; *Benoit vs. Wayne County,* 20 Mich. 176; *People vs. Miller,* 24 Mich. 458; *Tarro vs. Siebentheler,* 37 Cal. 193; *Menger vs. County,* 5 Nev. 244; *Memphis vs. Woodward,* 12 Heisk (Tenn.) 499; *Dorsey vs. Smythe,* 28 Cal. 21; *Lynch vs. Lofland,* 28 Cal. 103; *State vs. Holmes,* La. A. D. 1893; *New Orleans vs. Finnerty,* 27 La. 681.

The legal right to an office carries with it the right to the salary or emoluments of the office. The salary follows the legal title; *Fitzsimmons vs. Brooklyn,* 102 N. Y. 536; *Andrews vs. Portland,* 10 Am. St. R. 280.

In the case stated submitted to the court the plaintiff's appointment to office in July, 1886, is admitted by the defendant, and it is further admitted by the defendant that he was legally in office at the passage of the act of 1891, which extended his term to the first Thursday in May, 1892. His right to the office until the first Thursday in May, 1892, is fixed and determined by legislative enactment, and there remains no question of title. When the Legislature validates the title of an officer to an office his right cannot afterward be questioned by *quo warranto.* Short's Extraordinary Remedies [289, 284]; *People vs. Fleming,* 66 N. Y. 237; *People vs. Bull,* 46 N. Y. 57.

*George A. Elliott,* City Solicitor, and *Charles M. Curtis,* for defendant in error.

I. The plaintiff cannot in this action try the question of his right to the office—it being a collateral proceeding—an action of assumpsit for the salary of the office.

The title to an office cannot be tried in any collateral proceeding, but must be tried by a proceeding *quo warranto* in which the officer *de facto* in possession under color of title is a necessary party; 1 Dillon, Mun. Corp. §§ 202, 197; 2 Dillon, Mun. Corp. §§ 831, 844, note 5; *Selby vs. City of Portland,* 14 Or. 243;

*State vs. John*, 89 Mo. 13; *McVeany vs. City of New York*, 80 N. Y. 176.

Certainly this principle apples to the case at bar, where there has been no adjudication in a direct proceeding by way of *quo warranto, certiorari* or otherwise, to try the right of the plaintiff, though the *de facto* officer continued in actual possession of the offices under color of title undisturbed for nearly a year after the alleged deposition of the plaintiff, and nearly two years elapsed after such alleged deposition before this present suit was brought. The reason of the rule is obvious. It is for the protection of the municipality, the public and the *de facto* officer. It is believed that there is no case in which it has been decided that an action can be maintained against a municipality for the salary or fees of a public office by a person out of possession of the office during the period covered by the claim, until his title to the office as against the *de facto* officer has been established in a direct proceeding, and it is confidently claimed that no such case can be cited.

II. The election of the plaintiff's successor in office was valid.

The act in question is not within the prohibition of the Constitution of the United States against the passage of an *ex-post facto* law, or against the passage of a law impairing the obligations of contracts. The former prohibition relates only to criminal and penal statutes, and was not intended to prevent retrospective legislation affecting civil rights or property. The latter prohibition is equally inapplicable, because municipal charters and offices are agencies of government and not based on a contract, and also because, as will be seen later, incumbency in a municipal office does not constitute a contract between the corporation and the officer, nor is there in this country any vested right to a municipal office. The General Assembly has the power to create and abolish municipal office, and extend and abridge the terms of incumbents thereof; 1 Dillon, Mun. Corp., § 229.

The statute became operative immediately on its passage to transfer the appointing power from one branch of the municipal

government to another, and to an independent and co-ordinate branch. The sole question of interpretation involved in this case was as to the right of the Board of Health to exercise before the first Thursday in May, A. D. 1892, the power of election so clearly conferred upon it, by the act under consideration. The cardinal principle of construction and interpretation of a statute is that the intent of the statute is the law, and it is to have effect according to the purpose and intent of the law-maker. It is clear that it was the intention both of the act of 1891 and of the Legislature, that in the year 1891 the Board of Health should be empowered to appoint its own secretary and that the person so appointed secretary should also be City Registrar and, as such, Registrar of Deaths, Births and Marriages.

Prior to May 14th, 1891, the City Registrar and Secretary of the Board of Health were elected by the council pursuant to § 103 of the charter and to an ordinance passed June 27th, 1881. The direction as to the time of election was directory, and not mandatory. " A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is *directory*, unless the nature of the act to be performed or the phraseology of the statute, is such that the designation of time must be considered as a limitation upon the power of the officer." Sutherland, Statutory Construction, §§ 446, 448.

Here the time of election is not of the essence of the thing to be done, but it was the evident intention of the statute that the change in the appointing body was to take place at once, certainly prior to the first Thursday in May, A. D. 1892. An election for municipal officers may be held on a day subsequent to that appointed in the charter, when the proper day of election has passed by without fraud or design; 2 Dillon, Mun. Corp., § 839; *People vs. Fairbury*, 51 Ill., 149; *State vs. Smith*, 22 Minn. 218; *State vs. Tolan*, 33 N. J. L. 195; *Lynch vs. Lafland*, 4 Caldw. (Tenn.) 96.

" So in this country it has been decided that an election for municipal officers may be held after the charter day." 2 Dillon,

Mun. Corp. § 839; *Lynch vs. Lafland,* 4 Caldw. (Tenn.) 96; *State vs. Smith,* 22 Minn. 218.

Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory; Sutherland, Stat. Const., § 448; *People vs. Cook,* 14 Barb. 290; *Regina vs. Sneyd,* 9 Dowl. P. C. 1001.

Statutes directing the mode of proceeding by public officers are directory and a strict compliance with their provisions is not essential to the validity of the proceeding unless it be so declared in the statute; Cooley, Const. Lim. 89, 92; *Blader vs. The City of Philadelphia,* 60 Pa. St. 464; *Regina vs. Sneyd,* 9 Dowl. P. C. 1001; 23 A. & E. Encyc. L. 455, note 3.

III. The plaintiff cannot recover the salaries of the offices even if his removal and the election of his successor were invalid; first, because he did not discharge the duties of the offices; second, because the salaries have been paid to the *de facto* officer.

First. No claim can be sustained against a municipal corporation for the salary or perquisites of an office covering any period when the claimant was not actually in office: *Steubenville vs. Culp,* 38 Ohio St.? (1882); *City of Hoboken vs. Gear,* 3 Dutch 265,278; *Connor vs. New York,* 5 N. Y. 285; *Smith vs. Mayor, etc.,* 37 *id.* 518; *McVeany vs. Mayor, etc.,* 80 *id.* 185, 193; *Connor vs. Mayor, supra; City of Hoboken vs. Gear, supra; McVeany vs. Mayor,* 80 N. Y. 185, 193.

Second. Where a *de facto* officer actually in possession of an office has received the salary fixed by law, the municipal corporation cannot be required to pay the salary over again even to the *de jure* officer; *Benoit vs. Auditors, etc., Wayne County,* 20 Mich. 176; *Smith vs. Mayor, etc.,* 37 N. Y. 518; *Dolan vs. Mayor, etc.,* 68 *id.* 274; *McVeany vs. Mayor, etc.,* 80 *id.* 185; *Terhune vs. Mayor,* 88 *id.* 247; *Hogan vs. Brooklyn,* 5 N. Y. Sup, 425; *McManus vs. Brooklyn, id.* 424; *State vs. Milne,* 54 N. W. Rep. (Neb.) 521; *State vs. Clark,* 52 Mo. 508; *Westberg vs. City of Kansas,* 64 *id.* 493; *Commrs. Saline Co. vs. Anderson,* 20

Judgment.

Kan. 298 ; *Baker vs. Supervisors,* 4 Minn. 59 ; *Wheatley vs. Covington,* 11 Bush. (Ky.) 18 ; *Luzerne County vs. Trimmer,* 95 Pa. St. 97 ; *Higgins vs. Mayor, etc., of New York,* 30 N. E. Rep. 44, 131 N. Y.; *McAffee vs. Russell,* 29 Miss. 84, 97 ; *Demarest vs. Mayor, etc., of New York,* 26 N. Y. Sup. 595 ; *Shaw vs. County of Pima,* 18 Pac. Rep. (Arizona) 273 ; *Michel vs. New Orleans,* 32 La. An. 1094.

The plaintiff was not in actual possession of the office, nor did he discharge any of its duties, but Colquhoun having discharged the duties under appointment of the Board of Health was the *de facto* officer under color of title even if his appointment had been invalid, irregular or unconstitutional, and he having received the salary, the defendant cannot be required to pay it the second time. *Norton vs. Shelby County,* 118 U. S. 425 ; *State vs. Carroll,* 38 Conn. 449 ; *State vs. Barnard,* 27 Atl. Rep. (N. H.) 410 ; *Dolan vs. Mayor, etc.,* 68 N. Y. 279 ; *McVeany vs. Mayor,* etc., 80 N. Y. 185, 194 ; *Commissioners, etc., vs. Anderson,* 20 Kan. 298.

The judgment was affirmed on the opinion of the Court below.