MOSES GARRETT, plaintiff in error *v.* JOHN DOE *ex dem.* SAMUEL WIGGINS, defendant in error.

*Error to Franklin.*

Courts will not give to a law a restrospective operation, even where they might do so without a violation of the paramount law of the Constitution, unless the intention of the legislature be clearly expressed in favour of such retrospective operation.

Where land was sold for taxes under the law of 1827, and a deed was made to the purchaser in pursuance of such sale in 1829, after the repeal of the law under which the sale was had, and after the passage of a new act upon the same subject: *Held* that the law of 1827 must govern as to the effect of the deed.

It is a settled principle of the common law, that a party claiming title under a summary or extraordinary proceeding, must show that all the indispensable preliminaries to a valid sale which the law has prescribed, has been complied with.

A party claiming under a deed given upon a sale of lands for taxes by the Auditor, must show that all the requirements of the law in relation to the sale of lands for taxes, have been complied with.

THIS cause was heard in the Circuit Court of Franklin county, at the April term, 1834, before the Hon. Thomas C. Browne and a jury, and a verdict rendered against the defendant in the Court below, the present plaintiff in error.

WALTER B. SCATES, for the plaintiff in error, cited the following authorities:

Statute of 1827,(1) § 1, 2, 3, 4, 7, 8, 9, 10, 12, 13, 23, 24, 25, 28; 6 Wheat. 119; 2 Peters' Cond. R. 151, 154, 171–2; 3 Peters' Cond. R. 28, 271, 275; 4 Cranch 403; 2 Am. Dig. 430, 431, 508; 3 Am. Dig. 488–9; Runnington's Eject. 182; 1 Johns. Dig. 84–5, § 59, 60.

H. EDDY and W. J. GATEWOOD, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

This was an action of *ejectment* brought by Wiggins against Garrett, to recover the possession of a tract of land which was sold to him by the Auditor of Public Accounts, as the property of Garrett for the non-payment of taxes. On the trial, Wiggins

(1) R. L. of 1827.

Garrett *v.* Wiggins.

adduced in support of his title, a deed from the Auditor, executed in the form prescribed by law, and upon this evidence of title, submitted his cause. The defendant's counsel then moved the court for several instructions as to the law applicable to the case, and the insufficiency of the plaintiff's evidence of title; all of which the Court refused, and upon motion of the plaintiff's counsel, gave instructions directly opposite to those asked for by the defendant, as follows,—

1st. That the statute in force at the time of the execution of the Auditor's deed, and not that which was in force at the time of sale, was the one applicable to the case.

2d. That the Auditor's deed is evidence of the regularity and legality of the sale, and in the absence of proof of any other title, the jury must find for the plaintiff, Wiggins.

These instructions were excepted to by the defendant on the trial, and are now assigned for error. Some other errors were also assigned, which it is considered unnecessary to notice. In order to understand the effect of the first branch of the instructions given by the Court, it is necessary to recur to the order of time in which the different acts connected with the plaintiff's title were performed, and also to the different legislative provisions upon the subject.

The sale to Wiggins was made on the 17th day of January, 1829; but the deed was not executed till 1831, after the revenue law of 1829,(1) which had repealed that of 1827, had gone into operation. This last statute is essentially different from the preceding one, upon the same subject, and it is contended, dispenses with proof, on the part of the purchaser at an Auditor's sale, of the pre-requisites of the statute. But we are not called upon in this case to give a construction to that statute, as I am clearly of opinion that it is not applicable to this case. Without the clearly expressed intention of the legislature, courts will not give to a law a retrospective operation, even where they might do so without a violation of the paramount law of the Constitution; but no such intention can be collected from the law of 1829. Its language and objects are prospective. It relates only to contracts and proceedings under its provisions, and cannot by a fair construction be so extended, as to interfere with, or impair, prior contracts, rights, or obligations. The fact of the deed's not having been executed till after the statute of 1829 went into operation, has no influence upon the character of the transaction. The statute under which the sale was made, gave to the purchaser, at his option, the privilege of demanding from the Auditor a deed immediately, or of taking a certificate of purchase, and waiting for his deed till the expiration of two years. In either case the form of the deed was the same; either would contain the same reservation in favour of the right of

(1) R. L. 523; Gale's Stat. 569.

Garrett *v.* Wiggins.

redemption, which by the law was two years, where the owner was of age, and in the case of an infant, one year after he became of age. If the purchaser, Wiggins, had demanded and received his deed at the time of sale, I presume it would not be contended that a subsequent law would change its effect and operation. Upon what principle, then, can his situation be different from that of other individuals who purchased at the same time and upon the same terms, but whose deeds were executed earlier. They certainly are all upon the same footing. The Auditor's sale constituted a contract between the State and the purchaser, which in connection with the then existing law, determined the rights and obligations of the parties. The certificate of purchase in the one instance, and the deed in the other, are but the evidence of the contract, and that must be construed with reference to the law in force at the time it was entered into. A different rule would substitute the varying will of after legislatures, for the intention and stipulations of contracting parties. The statute of 1827, then, being the law applicable to this case, its construction presents the next point for consideration. It is a settled principle of the common law, that a party, claiming title under a summary and extraordinary proceeding, must show that all the indispensable preliminaries to a valid sale, which the law has prescribed, in order to give notice to those interested, and to guard against fraud, have been complied with, or the conveyance to him will pass no title. The Auditor's authority to make the sale under which the plaintiff claims title, is one of this class. It is therefore incumbent upon him to prove that all the pre-requisites to a legal exercise of that power, have preceded it, or he must show that the statute under which the Auditor acted, has dispensed with the proof of those pre-requisites, or inferred them from the deed of conveyance. In examining the law conferring the authority, and prescribing the manner of selling the land of non-residents, for the non-payment of taxes, it will be perceived that the tax upon land is required to be paid by the first day of August annually, and that the Auditor is required as soon thereafter as practicable, to make out and publish a descriptive list of all lands upon which taxes are due, after which he is required, at the time and place specified, to "sell all the lands advertised as aforesaid, on which the taxes and costs shall remain unpaid." The purchaser at this sale, shall, at his option, be entitled to receive a certificate of purchase or a deed. "Which deed (the law says) shall vest in the purchaser a perfect title, unless the land shall be redeemed according to law, or the former owner shall show that the taxes, for which it was sold, had been paid as required by law, or that the land was not legally subject to taxation."

This act will not, by any fair construction, warrant the opinion that the Auditor, selling land without authority, could, by his

2 c

conveyance, transfer the title of the rightful owner. It is admitted that it is competent for the law making power to change the rule of evidence, and declare, by an arbitrary rule, that from the proof of certain facts, others shall be presumed. This statute has done so to some extent. Under it several preliminary facts to a legal sale by the Auditor, are inferred from his conveyance, and the responsibility of proof shifted from the purchaser to the original owner. But the publication of notice of sale by the Auditor, as required by law, is not one of those facts inferred from his deed, nor is the proof thereof thrown upon the former owner. The duty of the Auditor to publish this notice is imperative; his authority to sell is limited by the express words of the law to " the land advertised as aforesaid," and as the rule of law which required the purchaser to show the performance of this pre-requisite, was not changed by the act of 1827, he should therefore have adduced evidence to that effect. Without proof of this fact, the Auditor's deed was not evidence of the regularity and legality of the sale, and consequently conveyed no title to the purchaser, Wiggins, who was the plaintiff below.

The decision of the Circuit Court is therefore reversed with costs; the cause remanded to that Court with directions for a *venire de novo*, and that the cause be tried conformably to this opinion.

*Judgment reversed.*