*In re* Application of the County Collector.—(Tax Properties Corporation, Petitioner-Appellant, *v.* The County of Alexander, Respondent-Appellee.)

(No. 73-377;

Fifth District—April 11, 1975.

J. Michael Mathis, of Peoria, for appellant.

W. C. Spomer, State's Attorney, of Cairo, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from two orders, one granting the respondent-appellee's motion to strike and the other denying petitioner-appellant's motion to reconsider, of the circuit court of Alexander County in a tax-sale proceeding. The factual situation which is the basis for this appeal is, in summary, as follows.

On November 11 and 12, 1969, Tax Properties Corporation, hereinafter petitioner, or its predecessor in interest, purchased a number of tax sale certificates during the Alexander County tax sale. On November 9, 1972,

prior to the extended date for redemption of these certificates, petitioner filed an application for a refund of taxes, alleging that the improvements upon the properties represented by these certificates had been substantially destroyed subsequent to the 1969 tax sale. The County of Alexander, hereinafter respondent county, filed a motion to strike the application for refunds on these certificates. The circuit court, after argument of counsel, entered an order granting the motion to strike and subsequently entered an order denying petitioner's motion to reconsider. From these orders the petitioner appeals.

This cause arises under the Revenue Act of 1939 (Ill. Rev. Stat., ch. 120, par. 741). The genesis of the dispute lies in the fact that this statute was amended effective July 1, 1970, subsequent to the petitioner's purchase of the tax sale certificates at the tax sale, but prior to the issuance of tax deeds. Prior to July 1, 1970, this statute provided, in pertinent part, that:

> "Whenever it shall be made to appear to the satisfaction of the county clerk that any tract or lot was sold, and that such tract or lot was not subject to taxation, or that the taxes or special assessments had been paid previous to the sale of said tract or lot, or that there is a double assessment, or that the description is void for uncertainty, he shall make an entry opposite to such tracts or lots in the tax judgment, sale, redemption and forfeiture record, that the same was erroneously sold, and such entry shall be prima facie evidence of the fact therein stated, and unless such error is disproved, the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate so far as it relates to such tract or lots." (Ill. Rev. Stat. 1969, ch. 120, par. 741.)

At the time of the petitioner's application for a refund this statute had been amended, in pertinent part, to provide that:

> "Whenever it shall be made to appear to the satisfaction of the county clerk or the court which ordered the property sold that any tract or lot was sold, and that such tract or lot was not subject to taxation, or that the taxes or special assessments had been paid previous to the sale of said tract or lot, or that there is a double assessment, or that the description is void for uncertainty, *or upon application of the tax purchaser that the improvements upon property sold have been substantially destroyed subsequent to the tax sale and prior to the issuance of the tax deed,* the county clerk or the court which ordered the property sold shall declare such sale to be a sale in error and the county clerk he [*sic*] shall make an entry opposite to such tracts or lots in the tax judgment, sale,

redemption and forfeiture record, that the same was erroneously sold, and such entry shall be prima facie evidence of the fact therefore stated, and unless such error is disproved, the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate so far as it relates to such tract or lots." (Ill. Rev. Stat. 1971, ch. 120, par. 741.) (Emphasis added.)

If the 1969 statute is applicable, the petitioner's application for refund was properly stricken. If the 1971 statute, effective July 1, 1970, is applicable, the petitioner's application would properly be granted. We find that the 1969 statute is controlling.

■■  In our opinion, the case of *Garrett v. Wiggins*, 2 Ill. (1 Scam.) 335, is controlling. In that case the plaintiff purchased at a tax sale in 1829, at which time the applicable statute provided for certain proofs to be made for title to pass. In 1831 the deed for the property sold for taxes was executed and the plaintiff brought an ejectment action based on the proofs required by the applicable statute of 1829. However, in the interim, the legislature had amended the applicable statute so as to require different proofs to be made for title to pass. The Illinois Supreme Court found for the plaintiff as a matter of contract law. In doing so the court first said:

> "This last statute is essentially different from the preceding one, upon the same subject. But we are not called upon in this case to give a construction to that statute, as I am clearly of the opinion that it is not applicable to this case. Without the clearly expressed intention of the legislature, courts will not give to a law a retrospective operation, even where they might do so without a violation of the paramount law of the Constitution; but no such intention can be collected from the law of 1829. Its language and objects are prospective. It relates only to contracts and proceedings under its provisions, and cannot by a fair construction be so extended, as to interfere with, or impair, prior contracts, rights or obligations." (*Garrett v. Wiggins*, 2 Ill. (1 Scam.) 335, 336.)

A reading of the statute effective July 1, 1970, discloses no legislative intent, express or implied, to make application of that statute retrospective. Likewise, research has failed to disclose any case applying this statute, or its immediate predecessor, retrospectively.

Petitioner-appellant argues, on a slightly different tack, that the statute in effect at the time of the application for refund, and not the statute in effect at the time of the tax sale, is controlling. In support of this proposition he cites a historical note which says:

> "Section 3 of the Act of 1951 provided that it should apply to all

real estate *sold for non-payment* of general taxes and special assessments after September 1, 1951." (Ill. Ann. Stat., ch. 120, par. 744, Historical Note at 172 (Smith-Hurd 1970).)

Petitioner-appellant further cites the case of *In re Application of County Collector*, 7 Ill.App.3d 124, 287 N.E.2d 81, in support thereof. It is his position that the various statutory provisions relating to redemption from tax sales and application for tax deeds have been amended by almost every legislative session in the last 20 years, and that in light of these constant changes, the courts have consistently applied the law in effect at the time of an application for tax deed, rather than the law in effect at the time of the issuance of the original certificate. With regard to section 260 of the Revenue Act of 1939 (Ill. Rev. Stat., ch. 120, par. 741), this position is not well taken.

The statute with which the court is concerned in *In re Application of County Collector* is section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. *1969*, ch. 120, par. 747). However, a reference to the historical note on this statute discloses the same quote with regard to section 3 of the Act of 1951 as does the historical note (par. 744) cited above. When one refers to sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. *1951*, ch. 120. pars. 744 and 747), one finds that the exact language is different than that in the historical notes of the annotated statutes. It reads:

"Section 3 of the Act of 1951 provided: 'This *amendatory Act* shall apply to all real estate sold for non-payment of general taxes and special assessments after September 1, 1951.'" (Ill. Rev. Stat. 1951, ch. 120, pars. 744, 747, 749, 751 *et al.*) (Emphasis added.)

A further reference to the 1951 statutes discloses that the earlier version of section 260 (Ill. Rev. Stat. 1951, ch. 120, par. 741), the verbatim predecessor of the later version (Ill. Rev. Stat. 1969, ch. 120, par. 741), was not part of the amendatory act of 1951. Therefore, even assuming *ad arguendo* that this language has been carried through the several amendments to sections 263, 266 *et al.*, since the amendatory act of 1951, and assuming further that that language makes these sections as amended retrospective in effect, nonetheless that does not affect the application of section 260 (Ill. Rev. Stat. ch. 120, par. 741).

Again, the case of *Garrett v. Wiggins* provides the underlying rationale for determining that section 260 (Ill. Rev. Stat. *1969*, ch. 120, par. 741), and not that section as amended effective July 1, 1970, is controlling in this cause. There the Illinois Supreme Court said:

"The auditors' sale constituted a contract between the State and the purchaser, which, in connection with the then existing law, determined the rights and obligations of the parties. The certificate

of purchase in the one instance, and the deed in the other, are but the evidence of the contract, and that must be construed with reference to the law in force at the time it was entered into. A different rule would substitute the varying will of after legislatures, for the intention and stipulations of contracting parties." (*Garrett v. Wiggins*, 2 Ill. (1 Scam.) 335, 336.)

In support of this rule also see *People ex rel. Billings v. Riggs*, 56 Ill. 483, 484-85, where the Illinois Supreme Court said:

"As a general, if not a uniform, rule, vested rights, whether executory or executed, are beyond legislative control, except in appropriating the property of the citizen to public· use upon compensation made for the deprivation of the right. Contracts between individuals, titles to property, compensation for injuries sustained, debts owing from one person to another, are all such vested rights as cannot be transferred, released or discharged. by legislative action. The legislature may change the remedy, but, by doing so, they cannot impair the right itself. That must be left as perfect and complete as it was before the change of the remedy."

■■ The 1969 tax sale in this cause constituted a contract between Alexander County and the petitioner-appellant. Section 260 (Ill. Rev. Stat. *1969*, ch. 120, par.·741) determined the rights and obligations of the parties thereto with regard to sales made in error, including the destruction of improvements subsequent to the tax sale. The option of the petitioner-appellant, as owner of the certificate of that tax sale, to demand a refund of the amount paid, and the duty of the county collector to refund the amount paid, constitute contractual rights and duties. The County of Alexander in 1969, at the inception of the contract, had no duty to make a refund on the tax certificates where the improvements on the. property sold would be substantially destroyed subsequent to the tax sale but prior to the issuance of the tax deed and, *ipso facto*, had a right to refuse to do so.

Article I, section 16 of our constitution (Ill. Const., 1970, art. I, § 16) provides:

"No * * * law impairing the obligation of contracts * * * shall be passed."

Thus, the July 1, 1970, intervening amendment by the legislature to section 260 (Ill. Rev. Stat., ch. 120, par. 741), does not apply in this cause because to give it application would be to impair the contract right itself. And the rights under the tax sale contract are here inviolate.

Affirmed.

G. MORAN and CARTER, JJ., concur.