KENNETH E. POWELL, Appellee, v. BOARD OF EDUCATION OF THE CITY OF PEORIA, DISTRICT 150, *et al.*, Appellants.

Third District   Nos. 3—89—0084, 3—89—0158 cons.

Opinion filed September 22, 1989.

James W. Springer, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria (Julian E. Cannell, of counsel), for appellant Board of Education of the City of Peoria.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, of counsel), for appellant Illinois State Board of Education.

Hamm & Hanna, Ltd., of Peoria (Ronald L. Hamm, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This case of first impression arises under article 24A of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24A—1 *et seq.*), more particularly section 24A—5. We are required to decide what, if any, role remains under article 24A, effective September 25, 1985, for the school board in remediation for unsatisfactory teachers, and discharge of such teachers if remediation fails. The applicable statute, section 24A—5, provides in relevant part:

"§24A—5. Content of evaluation plans. Each school district to which this Article applies shall establish a teacher evaluation plan which ensures that each teacher in contractual continued service is evaluated at least once in the course of every 2 school years, beginning with the 1986-87 school year.

The evaluation plan shall comply with the requirements of this Section and of any rules adopted by the State Board of Education pursuant to this Section.

The plan shall include a description of each teacher's duties

and responsibilities and of the standards to which that teacher is expected to conform.

The plan may provide for evaluation of personnel whose positions require administrative certification by independent evaluators not employed by or affiliated with the school district. The results of the school district administrators' evaluations shall be reported to the employing school board, together with such recommendations for remediation as the evaluator or evaluators may deem appropriate.

Evaluation of teachers whose positions do not require administrative certification shall be conducted by an administrator qualified under Section 24A—3 and shall include at least the following components:

(a) personal observation of the teacher in the classroom by a district administrator, qualified under Section 24A—3, unless the teacher has no classroom duties.

(b) consideration of the teacher's attendance, planning, and instructional methods, classroom management, where relevant, and competency in the subject matter taught, where relevant.

(c) rating of the teacher's performance as 'excellent', 'satisfactory' or 'unsatisfactory'.

(d) specification as to the teacher's strengths and weaknesses, with supporting reasons for the comments made.

(e) inclusion of a copy of the evaluation in the teacher's personnel file and provision of a copy to the teacher.

(f) within 30 days after completion of an evaluation rating a teacher as 'unsatisfactory', development and commencement by the district of a remediation plan designed to correct deficiencies cited, provided the deficiencies are deemed remediable.

* * *

(h) quarterly evaluations and ratings for one year immediately following receipt of an 'unsatisfactory' rating of a teacher for whom a remediation plan has been developed. * * *

* * *

(j) dismissal in accordance with Section 24—12 or 34—85 of The School Code of any teacher who fails to complete the one-year remediation plan with a 'satisfactory' or better rating." Ill. Rev. Stat. 1987, ch. 122, par. 24A—5.

Defendant-appellant Peoria School District 150 (District 150) and the Peoria Federation of Teachers formed an evaluation plan pursuant to the statute. The plan was duly approved by the codefendant State Board of Education and became effective in January 1987.

In March 1987, Kenneth Powell, a tenured teacher of 22 years with defendant District 150, was evaluated "unsatisfactory—needs improvement." James McCormack, a school administrator, prepared a remediation plan relating to the unsatisfactory aspects of Powell's performance: (1) discipline; (2) classroom management; (3) enthusiasm; and (4) organization. McCormack also notified Powell in writing that he would be dismissed if he did not complete the remediation program satisfactorily. Defendant District 150 Board was neither consulted nor involved in the evaluation, the remediation plan, or the post-remedial evaluation.

The remediation plan was put into effect for the 1987-1988 school year. Powell failed to improve. He was rated unsatisfactory in all four of his quarterly evaluations. Pursuant to McCormack's report and findings, the District 150 Board dismissed Powell, a tenured teacher of 22 years, without any hearing either before, during, or after the remediation program.

Powell demanded the hearing provided in section 24—12 (Ill. Rev. Stat. 1987, ch. 122, par. 24—12). In that hearing, before a hearing officer selected under the statute by Powell and the State Board of Education, the decision of the administrator, McCormack, was affirmed. Powell was subsequently dismissed as a teacher. Defendant District 150 Board of Education played no part in the entire dismissal process other than to ratify the decision of James McCormack, the administrator.

Powell then filed suit under the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) in the circuit court of Peoria County against the Board of District 150 and the State Board of Education. The circuit court reversed the hearing officer, stating "that the statutory requirements to initiate a remediation program for Kenneth Powell [were] not met by the School Board." Powell was subsequently ordered reinstated as a teacher. Defendants, the School Board for District 150 and the State Board of Education, appeal from the decision of the circuit court.

■■ Initially, this court must address the issue of whether article 24A requires school boards to "initiate" or develop a remediation program as stated in the trial court order. The trial court interpreted the language in section 24A—5(f) "development and commencement by the *district* of a remediation plan" (emphasis added) to mean that only school boards had the authority to develop and initiate the remediation programs. This interpretation runs contrary to the legislative scheme of article 24A of the School Code, which was added in 1985 to improve educational services by requiring that all certified school dis-

trict employees be evaluated on a periodic basis. The statutory scheme of article 24A places the majority of the responsibility for evaluating teachers with administrators who are trained and qualified by the State Board of Education. The administrator is responsible for the initial evaluation, the rating of the teacher's performance, and the specification of the teacher's strengths and weaknesses. (Ill. Rev. Stat. 1987, ch. 122, pars. 24A—5(a), 24A—5(e).) Furthermore, it is the administrator who submits a final evaluation regarding the successful completion of the one year remediation plan. (Ill. Rev. Stat. 1987, ch. 122, par. 24A—5(h).) Given this legislative scheme and the unspecific language of the statute, we find that the trial court erred in finding that school boards are solely responsible for the remediation plans. We find that the district administrators are permitted under the statute to develop the individual teacher's remedial plans under the overall supervision of the school board. In fact, this court takes note of the fact that a 1989 amendment to section 24A—5(f) specifically permits administrators to develop and commence remediation plans. Ill. Rev. Stat., 1988 Supp., ch. 122, par. 24A—5(f).

The next issue this court must decide is whether there can be a discharge of a teacher who has undergone remediation with the Board acting in only a ministerial capacity. In other words, can a teacher be dismissed without the Board exercising any control over, or responsibility for, the termination. To make this determination requires us to review section 24—12, which governs teacher dismissals and which was amended contemporaneously with the passage of article 24A. Section 24—12 provides in relevant part:

> "Before setting a hearing on charges stemming from causes that are considered remediable, a board must give the teacher reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges; however, no such written warning shall be required if the causes have been the subject of a remediation plan pursuant to Article 24A. The hearing officer shall consider and give weight to all of the teacher's evaluations written pursuant to Article 24A. The hearing officer shall, with reasonable dispatch, make a decision as to whether or not the teacher shall be dismissed and shall give a copy of the decision to both the teacher and the school board. The decision of the hearing officer is final unless reviewed as provided in Section 24—16 of this Act. In the event such review is instituted, any costs of preparing and filing the record of proceedings shall be paid by the board." Ill. Rev. Stat. 1987, ch. 122, par. 24—12.

Under the prior version of section 24—12, there was no provision for administrative remediation or for a hearing officer. District 150 Board and the State Board contend that once a remediation program has been instituted by the administration, the local board has no more responsibility or control over firing or retention of the affected teacher. Powell contends that the statutes do not purport to delegate the local Board's historic, statutorily defined control over the employment of teachers in its district. Because of the clear statutory mandate set forth in the amended version of section 24—12, we agree with the District 150 Board and the State Board.

█▌ █ A school board has only those powers expressly conferred upon it by the General Assembly and those that are necessary to carry into effect the powers granted by the legislature. (*Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389.) When a statute is amended, it is presumed that the legislature intended to effect some change in the law as it formerly existed. (*People v. DeMont* (1986), 146 Ill. App. 3d 437.) Under the new section 24—12, a hearing officer is responsible for reviewing the teacher's evaluations written pursuant to article 24A and for deciding whether or not a teacher shall be dismissed. Further, the decision of the hearing officer is final unless reviewed by a circuit court under the Administrative Review Law. Thus, a reading of section 24—12 as amended, reflects the legislature's intent to remove from the jurisdiction of local boards the ultimate responsibility on a termination decision following remediation to a disinterested hearing officer.

In summary, this court finds that the trial court erred in reversing the decision of hearing officer Peter Feuille, based on its erroneous conclusion that the District 150 Board had to initiate and develop the remediation program. Consequently, we reverse the trial court order and remand for a hearing on the merits to determine if Powell's dismissal was supported by the record.

Reversed and remanded.

WOMBACHER, P.J., and SCOTT, J., concur.