THE PEOPLE *ex rel.* JIM O. EDGCOMB, County Tax Collector of Macon County, Plaintiff-Appellee, v. JAMES A. WOLFE, Defendant-Appellant.

Fourth District   No. 4—91—0584

Opinion filed February 28, 1992.

James A. Jankowicz, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Petitioner James Wolfe appeals from the Macon County circuit court's denial of his application for a sale in error. Wolfe also argues he should be awarded 1½% monthly interest on the amount he paid for the property from the date of the purchase through the date the purchase price is refunded to him. We affirm the court's denial of a

sale in error; because Wolfe is not entitled to a sale in error, he necessarily is not entitled to any award of interest.

On November 9, 1987, Realtax Developers, Inc., bought real estate in Macon County at a tax sale for $53,751.02. The tax sale certificate of purchase was assigned to Wolfe. On July 17, 1990, Wolfe filed a petition for a tax deed. After filing his petition, Wolfe discovered the property was subject to two Federal tax liens which totalled $148,420.24. The first lien was recorded on August 6, 1987. The second lien was recorded on September 10, 1987. Both liens had been recorded more than 30 days before the tax sale and there was no claim the Federal government was notified about the tax sale within 25 days before the sale occurred. Consequently, the property was subject to the Federal liens. On May 24, 1991, Wolfe filed an application for declaration of sale in error because the property was subject to the Federal liens. The Macon County collector opposed Wolfe's motion.

On July 11, 1991, the circuit court issued its written order. It denied Wolfe's application for a declaration of sale in error. The judge found that when Wolfe purchased the property, the statute which authorized a tax sale to be set aside due to error did not include the existence of Federal tax liens on the property as a reason to set the sale aside. He also noted the error which Wolfe claimed was not caused by error in the tax sale process. Wolfe could have discovered the Federal tax liens by investigating the records before the sale.

The relevant statute was revised in 1989 to permit a declaration of sale in error when Federal liens remain on the property sold. (Ill. Rev. Stat. 1989, ch. 120, par. 741.) The judge, however, rejected Wolfe's argument that the 1989 amendment (Pub. Act 86—286, §1, eff. Aug. 30, 1989 (1989 Ill. Laws 2171, 2175)) expressed a preexisting right to a refund when a Federal lien remains on the property. The judge also noted the amendment to the statute declared the act to be an expression of prior law regarding the rights of tax collectors, but did not make a similar declaration about the rights of the tax purchaser. (See Pub. Act 86—286, §1 (1989 Ill. Laws 2171, 2175-76) (last paragraph of amendment to section 260 stating that the provision for declaration of sale in error "upon application of the county collector shall be construed as declaratory of the standing of the collector under existing law and not as a new enactment").) This, the judge reasoned, implied that before the 1989 amendment to the statute, there was no preexisting right to a declaration of a sale in error when a Federal lien remained on property after the property was purchased at a tax sale.

Wolfe argues the court erred by denying his motion to vacate the tax sale. He concedes that when the tax sale occurred a Federal lien was not cited as a reason for setting aside a sale under section 260 of the Revenue Act of 1939 (Revenue Act) (Ill. Rev. Stat. 1987, ch. 120, par. 741). He argues, however, the reasons which were listed in the statute for setting aside a sale were not meant to be inclusive, but were merely exemplary. The county collector argues that because the Revenue Act did not specifically authorize setting aside a tax sale when Federal liens remained on the property, the court did not err in denying Wolfe's request.

When Wolfe's assignor purchased the property, section 260 of the Revenue Act, as then in effect, and which authorized setting aside tax sale purchases, enumerated the following circumstances as a basis for setting aside a tax sale: (1) the property was not subject to taxation; (2) the taxes were paid before the sale; (3) there was a double assessment; (4) the property's description was void because it was uncertain; (5) the taxing bodies erred in a manner other than in determining the property's value; (6) improvements to the property were destroyed after the tax sale but before the tax deed was issued; and (7) bankruptcy proceedings were filed before the tax deed was issued. (Ill. Rev. Stat. 1987, ch. 120, par. 741.) A Federal lien was not listed as a basis for a sale in error until the section was amended in 1989. Ill. Rev. Stat. 1989, ch. 120, par. 741.

Wolfe argues the 1989 amendment to section 260 did not represent substantive changes. He directs us to *In re Delinquent Taxes for the Year 1985* (1990), 202 Ill. App. 3d 665, 670, 559 N.E.2d 1014, 1017 (hereinafter *Certificate No. 147*), in which this court stated in *dictum* the revisions to section 260 made no substantial change in the grounds for finding a sale in error. This statement was not a guiding factor in the outcome of that case. In addition, *Certificate No. 147* does not control under the facts in this case. In *Certificate No. 147*, the petitioner sought to set aside the purchase due to destruction of improvements to the property. The petitioner also argued the sale should be invalidated pursuant to section 271.1 (Ill. Rev. Stat. 1989, ch. 120, par. 752.1), which permitted an invalidation where a village, city or town had an interest in the land under police powers. (*Certificate No. 147*, 202 Ill. App. 3d at 667, 559 N.E.2d at 1015.) We also note the 1989 amendments in Public Act 86—286 in fact substantively changed section 260. Section 260, as amended, now expressly affords the county collector standing to apply for a sale in error; and further authorizes a purchaser to seek a sale in error when Federal liens remain on the property, by all appearances an entirely new basis for set-

ting aside a tax sale purchase as in error. Ill. Rev. Stat. 1989, ch. 120, par. 741.

Wolfe also contends public policy compels us to reverse the circuit court's ruling. He cites *Thornton, Ltd. v. Rosewell* (1978), 72 Ill. 2d 399, 381 N.E.2d 249, for his contention that to encourage public participation in tax sales, we must find a purchaser can obtain a sale in error if Federal liens are discovered after the purchase. In addition, he notes *Thornton* states that the circumstances listed in section 260, under which a sale can be invalidated, are not exclusive.

*Thornton* was decided primarily on equitable bases and addressed what circumstances allowed a sale in error before the tax sale and the issuance of the certificate were completed pursuant to section 247 of the Revenue Act. (*Thornton*, 72 Ill. 2d at 404-05, 381 N.E.2d at 252; Ill. Rev. Stat. 1975, ch. 120, par. 728.) Wolfe's case arises under section 260. Ill. Rev. Stat. 1987, ch. 120, par. 741.

The court's statement in *Thornton* was that the circumstances listed in section 260 are not declared to be exclusive, and that statement was not necessary to the resolution of the case. The discussion of this section was limited to finding it was not relevant to the section the court found controlling. (*Thornton*, 72 Ill. 2d at 406-07, 381 N.E.2d at 253.) Its statement is not binding on the issues raised in this case which directly address the provisions of section 260. Ill. Rev. Stat. 1987, ch. 120, par. 741.

In addition, unlike Wolfe's situation, the tax purchaser in *Thornton* inspected the records before bidding on the property and found taxes for only one year were unpaid. Taxes, however, were unpaid for three years. The county clerk's office had erred in recording the unpaid taxes. The court sought to protect the tax-sale bidder against unfairness (*Thornton*, 72 Ill. 2d at 407, 381 N.E.2d at 253), but determined the appropriate remedy was a refund to plaintiff in the amount paid as due under the bid, based on the taxes, interest, and costs owing on the property *as advertised* by the collector—which, it turned out, was substantially less than was actually due. Neither Wolfe nor his assignor inspected the records. As the trial court here noted, the liens on the property to which Wolfe took an assignment could have been discovered if he or his assignor had inspected the records. Wolfe and his assignor were chargeable with any encumbrances on the property about which the record would have informed them. *Borrowman v. Howland* (1983), 119 Ill. App. 3d 493, 502, 457 N.E.2d 103, 108.

■ If it is the public policy of this State to protect purchasers from encumbrances on property which could be discovered from an in-

spection of the record, this protection should come from the legislature. The legislature provided this protection when it amended section 260 in 1989 to include Federal liens as a reason to set aside a tax sale purchase. There is no evidence, however, that this enactment was intended to express a preexisting right to a refund where a Federal lien remained on the property after the purchase.

The history of section 260 supports the view that the enumerated reasons for setting aside a sale in error are intended to be exclusive. In 1969, the section contained only four reasons to invalidate a tax sale purchase: (1) the property was not subject to taxation; (2) the taxes were paid before the sale; (3) there was a double assessment; and (4) the description of the property was void for uncertainty. (Ill. Rev. Stat. 1969, ch. 120, par. 741.) In 1971, destruction of improvements on the property was added as a separate basis for declaring a sale in error. (Ill. Rev. Stat. 1971, ch. 120, par. 741.) Two additional reasons for invalidating a tax sale were added in 1983: (1) bankruptcy proceedings by the legal or beneficial owner of the real estate, and (2) error by a tax collector. (Ill. Rev. Stat. 1983, ch. 120, par. 741.) In 1989, a Federal lien which could not be extinguished by the tax deed was finally added as a reason to set aside a tax sale purchase as a sale in error. Ill. Rev. Stat. 1989, ch. 120, par. 741.

This history suggests the legislature does not envision courts invalidating a tax sale as in error unless the reason for doing so is enumerated in section 260. It is unlikely the legislature would add reasons for invalidating a sale if it contemplated the courts would view the list contained in section 260 as merely illustrative.

■ The county collector relies on the principle that when a statute lists specific conditions, other conditions which are not explicit in the statute are excluded from coverage. Section 260 lists circumstances under which a tax sale purchase can be invalidated. The collector reasons that all other circumstances are excluded from coverage. The collector cites *Department of Corrections v. Illinois Civil Service Comm'n* (1989), 187 Ill. App. 3d 304, 309-10, 543 N.E.2d 190, 195, *In re Sneed* (1977), 48 Ill. App. 3d 364, 368, 363 N.E.2d 37, 40, and *People v. McCoy* (1975), 29 Ill. App. 3d 601, 607, 332 N.E.2d 690, 695, as support. The county collector is correct. A court's role in interpreting a statute does not include annexing provisions to a statute. (*Buckellew v. Board of Education of Georgetown-Ridge Farm Community Unit School District No. 4* (1991), 215 Ill. App. 3d 506, 511, 575 N.E.2d 556, 559 (and cases cited therein).) We should not read language into a statute to enlarge its meaning. (*Parizon v. Granite City Steel Co.* (1966), 71 Ill. App. 2d 53, 70, 218 N.E.2d 27, 36.) In 1987,

section 260 did not include Federal tax liens as a reason for setting aside a purchase made at a tax sale. (Ill. Rev. Stat. 1987, ch. 120, par. 741.) Wolfe cannot rely on protection which was added to section 260 in 1989. This protection did not exist when his assignor purchased the property at issue.

Wolfe's argument that Federal liens were impliedly included in section 260 in 1987 also fails. The county collector cites *People v. Youngbey* (1980), 82 Ill. 2d 556, 563, 413 N.E.2d 416, 420, and *Powell v. Board of Education of the City of Peoria, District 150* (1989), 189 Ill. App. 3d 802, 807, 545 N.E.2d 767, 770, as support for the argument that when an unambiguous statute is amended, the legislature intends to effect change in the law. We agree. A statutory amendment generally indicates an intention to change the law from its previous mandate (*Weast Construction Co. v. Industrial Comm'n* (1984), 102 Ill. 2d 337, 340, 466 N.E.2d 215, 216), particularly when the previous statute was not ambiguous. (*O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 271, 408 N.E.2d 204, 209; *Bonfield v. Jordon* (1990), 202 Ill. App. 3d 638, 645, 560 N.E.2d 412, 417.) Section 260 was not ambiguous in 1987. It merely did not include the reason on which Wolfe seeks to rely for setting aside the tax-sale purchase of the Macon County property as in error.

The county collector directs us to *In re Application of the County Collector* (1975), 27 Ill. App. 3d 646, 649-50, 327 N.E.2d 125, 128, in which the court ruled a tax sale would not be invalidated due to the destruction of improvements to the property when this provision was not added to section 260 until July 1970, and the sale occurred in 1969. We think this represents the proper analysis under section 260. Because in 1987, Federal liens were not a reason to vacate a tax sale under section 260, Wolfe was not entitled to a sale in error.

Because we rule Wolfe is not entitled to a sale in error, he is not entitled to any interest. For this reason, we need not address the interest rate applicable had a sale in error been appropriate.

Affirmed.

COOK and LUND, JJ., concur.