GEORGE DAVIS, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—93—4314

Opinion filed December 14, 1995.

694

Michael Radzilowsky, of Law Offices of Michael Radzilowsky, of Chicago, for appellant.

Patricia J. Whitten and Margaret C. Fitzpatrick, both of Chicago Board of Education Law Department, of Chicago, for appellee Board of Education of the City of Chicago.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, of counsel), for appellees Illinois State Board of Education and Marvin F. Hill.

JUSTICE THEIS delivered the opinion of the court:

The plaintiff, George Davis (Davis), appeals from the judgment of the circuit court of Cook County sustaining the order of dismissal entered by the administrative hearing officer upon charges of unsatisfactory performance. We affirm.

Davis was employed by the defendant, the Chicago Board of Education (Board), since 1963. Davis began teaching automotive mechanics at the Washburne Trade School in the fall of 1989. As Washburne's principal, Dr. Charles Lutzow (Lutzow) observed and evaluated Davis in the classroom on numerous occasions. Noting a number of deficiencies, Lutzow determined that Davis' classroom performance was unsatisfactory. Lutzow had several conferences with Davis in which he detailed Davis' weaknesses and offered suggestions for improvement. Still dissatisfied with Davis' performance, Lutzow

rated Davis' performance as unsatisfactory. As such, Lutzow developed a remediation plan for Davis effective February 27, 1990.

The remediation plan cited 10 areas of weakness: inadequate knowledge of automotive mechanics, inadequate preparation, failure to utilize properly structured and organized teaching methods, failure to motivate students as manifested by tardiness and poor attendance, failure to implement suggestions for improvement, failure to establish classroom rules, failure to give or review homework, lack of student progress and failure to use class time effectively. Davis stated that he understood the terms of the remediation plan. In addition, Lutzow named Wardell Boyd as Davis' consulting teacher. Wardell Boyd (Boyd), also Davis' department chair, was listed by the Board as a qualified consulting teacher. Boyd offered assistance to Davis during the remediation period.

During the remediation period, Davis was observed and evaluated on at least 10 occasions. Throughout the remediation period, Lutzow, Boyd and Assistant Principal Helm conferred with Davis, discussing their observations and making suggestions for improvement. Lutzow completed a formal evaluation of Davis on May 7, 1993.

Once again, Lutzow rated Davis' performance as unsatisfactory. Lutzow based the evaluation upon deficiencies such as inability to explain the material, lack of continuity during the class period, lack of organization, failure to assign and check homework, and failure to implement suggestions. Further, Lutzow cited an incident in which Davis' students were left unsupervised while installing an engine. As Davis failed to achieve a satisfactory or better rating following his remediation plan, he was terminated. Davis then asserted his right to an administrative hearing.

After the hearing, the hearing officer concluded that sufficient cause existed for Davis' termination. The hearing officer determined that the Board proved 9 of its 10 charges of unsatisfactory performance against Davis. As such, the hearing officer ruled that Davis' failure to satisfactorily comply with the remediation plan constituted cause for dismissal.

The trial court affirmed the hearing officer's decision. Davis appeals the trial court's determination, arguing that: (1) the hearing officer applied the wrong legal standard by determining that Davis did not satisfactorily comply with the remediation plan, rather than determining whether Davis made any improvements during the remediation period; (2) the evidence does not support a finding that Davis' conduct was irremediable; (3) the hearing officer's determinations were not supported by the evidence and were arbitrary and capri-

cious; and (4) the appointment of Davis' department chair as his consulting teacher violated the intent of the School Code. For the reasons stated below, we affirm.

The Illinois Administrative Review Law provides that the findings and conclusions of an administrative agency on questions of fact are held to be *prima facie* true and correct. (735 ILCS 5/3—110 (West 1992).) A reviewing court can only set aside the findings if they are against the manifest weight of the evidence. (*Fadler v. State Board of Education* (1987), 153 Ill. App. 3d 1024, 506 N.E.2d 640.) With these principles in mind, we turn to the substantive issues at hand.

■ Davis complains that the hearing officer applied the wrong legal standard by improperly framing the issue as whether the Board deemed Davis' performance under the remediation plan to be unsatisfactory. Davis contends that the hearing officer, not the Board, must make this determination. Article 24A of the School Code provides that following an unsatisfactory rating, a tenured Chicago teacher is to be placed on a remediation plan for 45 school days. (105 ILCS 5/24A—5(f) (West 1992).) "Additional remediation, up to one year ***, may be provided only in those cases where at the termination of the 45 day in-class remediation, the principal and consulting teacher provided for herein determine (based on the teacher's progress) that the teacher may be remediable ***." (105 ILCS 5/24A—5(f) (West 1992).) The statute clearly vests the principal and consulting teacher with the power to make this determination. Therefore, we reject Davis' contention that the hearing officer, not the Board, should determine whether to extend his remediation period.

■ Davis then argues that his termination after only 45 days of remediation was inappropriate because he exhibited some improvement. In support of his position, Davis cites *Board of Education of School District No. 131 v. Illinois State Board of Education* (1980), 82 Ill. App. 3d 820, 403 N.E.2d 277, which discusses factors to be considered when determining whether the duration of a remediation plan is appropriate. A discussion of such factors is irrelevant, however, as the legislature has since acted on this issue. Any ambiguity concerning the appropriate length of time for remediation was resolved with the passage of article 24A of the School Code in 1985. (105 ILCS 5/24A—5(f) (West 1992).) As stated above, article 24A specifically prescribes a 45-day remediation period for Chicago school teachers. Thus, Davis was entitled to continue in his position only if Lutzow and Boyd determined that he exhibited satisfactory performance. 105 ILCS 5/24A—5(f) (West 1992).

■ Similarly, we reject Davis' contention that the hearing officer was required to find that Davis' conduct was irremediable in order to

sustain the termination. To the contrary, section 24A—5(j) succinctly states that "any teacher who fails to complete any applicable remediation plan with a 'satisfactory' or better rati·ıg" shall be dismissed in accordance with section 34—85 of the School Code. (105 ILCS 5/24A—5(j) (West 1992).) As Davis completed his remediation plan with an unsatisfactory rating, we turn to the provisions of section 34—85.

Section 34—85 provides that a tenured teacher may not be dismissed except for cause. (105 ILCS 5/34—85 (West 1992).) "Cause" has been defined as that which law and public policy deem as some substantial shortcoming which renders the teacher's continued employment detrimental to discipline and effectiveness. (*Board of Education of Sparta Community Unit School District No. 140 v. Illinois State Board of Education* (1991), 217 Ill. App. 3d 720, 577 N.E.2d 900.) There must be a logical nexus between the individual's fitness to perform as a teacher and the misconduct in question. (*Chicago Board of Education v. Payne* (1981), 102 Ill. App. 3d 741, 430 N.E.2d 310.) Failure to complete a remediation plan under article 24A with a satisfactory or better rating constitutes cause for dismissal. *Powell v. Board of Education of City of Peoria, District 150* (1989), 189 Ill. App. 3d 802, 545 N.E.2d 767.

While certain code provisions require a showing of irremediability prior to termination, dismissal under article 24A requires no such showing. (See, *e.g.*, 105 ILCS 5/24—12 (West 1992).) Rather, article 24A "provides an alternative avenue for dismissal of incompetent teachers and drastically curtails the application of remediation." (P. Thurston, *Dismissal of Tenured Teachers in Illinois: Evolution of a Viable System*, 1990 U. Ill. L. Rev. 1, 77.) As such, the proper inquiry before the hearing officer was whether Davis failed to complete the remediation plan with a satisfactory or better rating, constituting cause for dismissal. *Powell v. Board of Education of City of Peoria, District 150* (1989), 189 Ill. App. 3d 802, 545 N.E.2d 767.

After an administrative hearing, the hearing officer determined that there was sufficient cause for Davis' dismissal. We find that this determination is supported by the record. Davis admitted that he lacked a defined standard for student assessment. When requested, Davis was unable to produce legible records of the students' performance. Davis' evaluations during his remediation period mirrored his earlier unsatisfactory evaluations. Despite minor improvements in certain deficient areas, the record supports the hearing officer's conclusion that Davis' performance was unacceptable. In addition, Davis' deficiencies correlated directly with his ability to do his job. (*Powell v. Board of Education of City of Peoria, District 150* (1989),

189 Ill. App. 3d 802, 545 N.E.2d 767.) As such, we find that the hearing officer's determinations were neither against the manifest weight of the evidence, nor arbitrary and capricious.

■ Finally, we reject Davis' argument that he was not provided the statutorily mandated consulting teacher during remediation because Boyd also served as his department chair. Once again we find Davis' attempt to expand his statutory protections to be without merit. The School Code provides that Davis is entitled to a "consulting teacher, selected by the *** principal *** [who] has at least 5 years' teaching experience and a reasonable familiarity with the assignment of the teacher being evaluated, and who received an 'excellent' rating on his or her most recent evaluation." (105 ILCS 5/24A—5(g) (West 1992).) Neither party disputes that Boyd satisfies these criteria. Boyd was certified as a consulting teacher. Under the statute, his status as department chair is irrelevant. (105 ILCS 5/24A—5(g) (West 1992).) We find that Davis was provided with a consulting teacher within the meaning of the Code. Therefore, we affirm the ruling of the trial court upholding Davis' dismissal.

Affirmed.

CAHILL and S. O'BRIEN, JJ., concur.