518

*In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR THE NONPAYMENT OF GENERAL TAXES AND/OR SPECIAL ASSESSMENTS FOR THE YEAR 1990 AND PRIOR YEARS (National Indemnity Corporation, Petitioner-Appellant).

First District (2nd Division)  No. 1—95—4108

Opinion filed November 27, 1996.

Howard Berland, of Evanston, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Patricia M. Shymanski, Mary T. Nicolau, Lauren B. Magee, and Jane L. Stuart, Assistant State's Attorneys, and Cyrus Hekmat, law student, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

In this case, petitioner National Indemnity Corporation (National) sought declarations of sales in error on its tax deed purchases of two parcels of land. The gravamen of National's appeal is that the parcels it purchased were subject to easements making any development or use of the properties impossible. The record reflects that both parcels were the subject of easements for open space and drainage and that at least one of the parcels was, for all practical purposes, submerged by a pond. National urges that under such circumstances it should be relieved from its purchases, arguing (a) that such relief is available under the Property Tax Code (35 ILCS 200/1—1 *et seq.* (West 1994)) (the Code), and (b) that the court's inherent equitable powers may be invoked to provide relief.

Section 21—310 of the Code (35 ILCS 200/21—310 (West (1994)) does not provide that the existence of easements is a sufficient basis to declare a sale in error. Indeed, the Code explicitly states that the issuance of a tax deed does *not* extinguish existing easements (35 ILCS 200/22—70 (West 1994)). This court is not empowered to redraft or amend the Code to expand the bases for a declaration of a sale in error. We find this case to be controlled by *People ex rel. Edgcomb v. Wolfe*, 226 Ill. App. 3d 995, 589 N.E.2d 811 (1992), wherein the court stated:

> "If it is the public policy of this State to protect purchasers from encumbrances on property which could be discovered from an inspection of the record, this protection should come from the legislature." 226 Ill. App. 3d at 998-99.

Here, had National made an inspection of title prior to bidding, it would have learned of the easements. Indeed, given the existence of the pond, had National physically inspected the property, it would have learned of its condition. Under these circumstances, the circuit court was correct in declining National's plea to judicially amend the Code by creating a new exception.

These facts are also fatal to National's request that the court's equitable powers be invoked to afford it relief from its mistaken acquisitions. As our supreme court noted in *Horney v. City of Springfield*, 12 Ill. 2d 427, 433-34, 147 N.E.2d 58 (1957), a party wishing to invoke a court's equitable powers must have acted with diligence. Here, National has freely admitted that it made no effort to either inspect the property physically or search the title records. Accordingly, it would be inequitable to declare a sale in error; equity aids the vigilant, not the somnolent.

This order is entered in accordance with Supreme Court Rules 23(c)(2) and (c)(7). 166 Ill. 2d Rs. 23(c)(2), (c)(7).

Affirmed.

HARTMAN, P.J., and BURKE, J., concur.