In re APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND SALE
 AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR THE NONPAYMENT OF
 GENERAL TAXES AND/OR SPECIAL ASSESSMENTS FOR THE YEAR 1990 AND
 PRIOR YEARS (National Indemnity Corporation, Petitioner-
 Appellant).
 First District (2nd Division) No. 1--95--4108
 Opinion filed November 27, 1996.
 
 JUSTICE SCARIANO delivered the opinion of the court:
 In this case, petitioner National Indemnity Corporation
(National) sought declarations of sales in error on its tax deed
purchases of two parcels of land. The gravamen of National's
appeal is that the parcels it purchased were subject to easements
making any development or use of the properties impossible. The
record reflects that both parcels were the subject of easements
for open space and drainage and that at least one of the parcels
was, for all practical purposes, submerged by a pond. National
urges that under such circumstances it should be relieved from
its purchases, arguing (a) that such relief is available under
the Property Tax Code (35 ILCS 200/1--1 et seq. (West 1994))
(the Code), and (b) that the court's inherent equitable powers
may be invoked to provide relief.
 Section 21--310 of the Code (35 ILCS 200/21--310 (West
(1994)) does not provide that the existence of easements is a
sufficient basis to declare a sale in error. Indeed, the Code
explicitly states that the issuance of a tax deed does not
extinguish existing easements (35 ILCS 200/22--70 (West 1994)).
This court is not empowered to redraft or amend the Code to
expand the bases for a declaration of a sale in error. We find
this case to be controlled by People ex rel. Edgcomb v. Wolfe,
226 Ill. App. 3d 995, 589 N.E.2d 811 (1992), wherein the court
stated:
 "If it is the public policy of this State to
 protect purchasers from encumbrances on property which
 could be discovered from an inspection of the record,
 this protection should come from the legislature." 226
 Ill. App. 3d at 998-99.
Here, had National made an inspection of title prior to bidding,
it would have learned of the easements. Indeed, given the
existence of the pond, had National physically inspected the
property, it would have learned of its condition. Under these
circumstances, the circuit court was correct in declining
National's plea to judicially amend the Code by creating a new
exception.
 These facts are also fatal to National's request that the
court's equitable powers be invoked to afford it relief from its
mistaken acquisitions. As our Supreme Court noted in Horney v.
City of Springfield, 12 Ill. 2d 427, 433-34, 147 N.E.2d 58
(1957), a party wishing to invoke a court's equitable powers must
have acted with diligence. Here, National has freely admitted
that it made no effort to either inspect the property physically
or search the title records. Accordingly, it would be inequitable
to declare a sale in error; equity aids the vigilant, not the
somnolent.
 This order is entered in accordance with Supreme Court Rules
23(c)(2) and (c)(7). Official Reports Advance Sheet No. 15 (July
20, 1994), Rs. 23(c)(2), (c)(7), eff. July 1, 1994.
 Affirmed.
 HARTMAN, P.J., and BURKE, J., concur.